Simmonds v. Richards.

---

LOAMI SIMMONDS V. W. I. RICHARDS.

No. 14,708.   (86 Pac. 452.)

SYLLABUS BY THE COURT.

1. PETITION — *Objection to Evidence* — *Liberal Construction.* When an objection is made to the introduction of any evidence under a petition, for the reason that it does not contain facts sufficient to constitute a cause of action, the pleading will be liberally construed in favor of the pleader.

2. ———— *Rents and Profits.* The petition in this case examined and held sufficient.

Error from Logan district court; JAMES H. REEDER, judge. Opinion filed July 6, 1906. Reversed.

*John B. Ennis,* and *A. D. Gilkeson,* for plaintiff in error.

*Daughters & Story,* and *W. H. Wagner,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: The only question in this case arises upon an objection to the introduction of any evidence under the petition, for the reason that it did not state a cause of action against the defendant. The objection was sustained. The petition, omitting the caption, reads:

"The plaintiff, for cause of action against the defendant, states: That he is the owner in fee simple of the following real estate, pasture lands, situate in Logan county, Kansas, to wit, all of sections number 27, 29 and 33, in township 11, range 37 west of the sixth principal meridian.

"That plaintiff has been the legal owner thereof since about the 18th of July, 1902, and as such owner has been entitled to the possession, enjoyment and rents and profits thereof, from said 18th day of July, 1902, down to the present time of bringing this action; that said defendant has all of said real estate within his enclosed pasture for stock, and has ever since plaintiff became the owner thereof, and said defendant has continuously, from said 18th day of July, 1902, kept large herds of cattle and horses in said enclosed fenced pastures, and his said live stock have continuously grazed upon, over and on all of said real estate of plaintiff, dispasturing, subsisting upon, and destroying the native grasses growing thereon, to the great pecuniary damage of the plaintiff from the said 18th day of July down to the time of bringing this action, a period of over fifteen months, continuously; that the fair and reasonable rental value for the said sections of land for grazing purposes for live stock is forty dollars per section per year; that said fair and reasonable value of the entire three sections from the said 18th day of July, 1902, down to the present time, a period of one

year and three months, is the sum of $150; that said
sum is justly due from said defendant to plaintiff, for
the use and enjoyment of the said real estate by said
defendant for his live stock to graze upon and dis-
pasture the native grasses growing thereon, and said
defendant is liable in law as upon an implied promise
to pay therefor what the use thereof is reasonably
worth; that plaintiff has demanded the payment of
the same, but the defendant neglects and refuses to pay
therefor, though justly indebted to plaintiff therefor,
and said $150 is wholly unpaid.

"That defendant is in the exclusive use, possession
and enjoyment of all of three sections of said land, and
has had such exclusive use, possession and enjoyment
by virtue of defendant's fence enclosure of said lands
together with the lands of said defendant included in
said defendant's enclosure ever since about the 16th
day of July, 1902, down and including the present time,
a period of over two years last past; that during all of
said time the defendant has exclusively used, enjoyed
and possessed all said lands for pasturing his said
stock, and defendant's said stock has during all said
time grazed upon, roamed over and dispastured the
native grasses growing upon said three sections of said
plaintiff, for all said time, over two years last past, to
the great loss and injury of the plaintiff and to his
pecuniary damage; that the fair and reasonable value
of said use of said plaintiff's lands so used and pos-
sessed by said defendant and his live stock is the sum
of forty dollars per section per year, and for the use
of said three sections for a period of two years the
total sum of $240, no part of which has been paid,
though justly due and owing said plaintiff in manner
and form as alleged in said petition, and this amend-
ment thereto, and plaintiff demands judgment against
said defendant for said sum of $240, with interest and
costs of suit.

"Plaintiff therefore demands judgment against the
said defendant for the said sum of $150, with six per
cent. interest thereon from the 18th of October, 1903,
besides cost of suit."

As against an objection of this kind the pleading
must be liberally construed in favor of the pleader.
(*Laithe v. McDonald,* 7 Kan. 254; *Mitchell v. Milhoan,*
11 Kan. 617; *Barkley v. The State,* 15 Kan. 99, 107;

*Street Rly. Co. v. Stone,* 54 Kan. 83, 37 Pac. 1012; *Weber v. A. T. & S. F. Rld. Co.,* 54 Kan. 389, 38 Pac. 569.)   The petition, so construed, shows that the defendant had the possession of the plaintiff's lands and enjoyed the use thereof for some years.   No adequate reason appears in the petition why the defendant should not pay therefor.   When a person fences in the lands of another, and uses them for pasturing purposes the same as if he were the owner, payment ought to be made therefor or some adequate reason given for not doing so.   The defendant may have a good defense, but it does not appear in the petition.

The judgment of the district court is reversed.   It is directed that the objection to the introduction of evidence be overruled, and that such further proceedings be had as may be proper.

All the Justices concurring.