[No. 6430. Decided December 10, 1906.]

CLAUDE O. ROWE, *Appellant*, v. WHATCOM COUNTY RAILWAY & LIGHT COMPANY *et al.*, *Respondents*.[1]

APPEAL—REVIEW—EXCLUSION OF EVIDENCE—HARMLESS ERROR— DAMAGES. Error in excluding an answer to a question as to whether an injury might result in curvature of the spine, is harmless where the witness made a full and complete answer thereto in answer to another similar question.

DAMAGES—EVIDENCE—FEES OF EXPERTS. Where a physician is appointed by the court to make a physical examination in a personal injury case, at the instance of the defendant, evidence as to the fees paid therefor is properly excluded as irrelevant and immaterial.

EVIDENCE—FEES OF EXPERT. A question as to how much a medical expert is paid for testifying in "these cases" is properly excluded as assuming that the witness had testified for the party in other cases than the one on trial, where there was no evidence of such fact.

[1]Reported in 87 Pac. 921.

EVIDENCE—EXPERTS—CURVATURE OF SPINE. In an action for personal injuries resulting in alleged curvature of the spine, whether the test applied by other physicians to determine the fact of the curvature was a fair or proper test is a proper matter of opinion for a medical expert, which it is error to exclude as being a question for the jury to determine.

EVIDENCE—REBUTTAL. A physician who testified on plaintiff's case in chief that plaintiff had curvature of the spine, may be asked in rebuttal whether the test applied by other physicians was a fair test, when he was not questioned in chief as to any tests.

APPEAL—EXCEPTIONS—TO INSTRUCTIONS. An exception to "your Honor's instructions as to the measure of damages" is not sufficient to raise a question as to one instruction, where there were several on the subject.

DAMAGES—PROSPECTIVE EARNING CAPACITY—EVIDENCE—PROOF REQUIRED—INSTRUCTIONS. It is error to instruct that it is incumbent upon the plaintiff, in a personal injury case, in order to recover for prospective damages for impairment of earning capacity, that the same must be established by clear and convincing proof, since a preponderance of the evidence is all that is required.

DAMAGES — AGGRAVATION — REASONABLE CARE OF PLAINTIFF — INSTRUCTIONS. In an action for personal injuries an instruction is not erroneous as making the plaintiff responsible for the results of his physician's treatment, where it merely holds him to the exercise of reasonable care in securing treatment and seeking a cure.

TRIAL—INSTRUCTIONS. An instruction not pertinent to the issues in the case should not be given.

Appeal by plaintiff from a judgment of the superior court for Whatcom county, Neterer, J., entered January 13, 1906, upon the verdict of a jury, for damages in the sum of $300, in an action for personal injuries sustained by a passenger in a street car collision. Reversed.

*E. J. Grover* and *Jay C. Allen,* for appellant.

*Newman & Howard,* for respondents.

RUDKIN, J.—This was an action to recover damages for personal injuries resulting from a collision between two street cars operated by the defendant Whatcom County Railway & Light Company. The defendants Walker and Ives were the motormen of the two colliding cars. The plaintiff was

awarded a judgment in the sum of $300, and prosecutes an appeal therefrom to this court, assigning numerous errors in the exclusion of testimony and in the giving of instructions, in support of his appeal. The liability of the respondent company was admitted, so that the only issues in the case were as to the nature and extent of the appellant's injuries and the amount of damages he sustained. While the appellant claimed damages for a great many injuries in his complaint, the principal issue at the trial was whether he had curvature of the spine as a result of the other injuries received. Prior to the trial, the court appointed three physicians to make a physical examination of the appellant, at the request of the respondents. These physicians were called as witnesses by the respondents, and the first error assigned is in the ruling of the court sustaining an objection to the following question propounded to Dr. Birney, on cross-examination:

"Q. I will ask you doctor whether or not it would be possible from the injury to the chest and the injury that has been testified about in this case to the back, whether or not the shock that would necessarily result from such injuries would ever produce a curvature?"

The respondents contend first, that the objection was properly sustained because the question assumed facts not in evidence, and second, that if the error, if error, was harmless because the witness was afterwards permitted to answer the question. We think this latter contention must be sustained, as the following questions and answers will indicate:

"Q. I will ask you if from the injury to the plaintiff's hip and the pains in the back and the injury to the chest that has been testified about in this case, which might result in a weakening of the muscles, whether or not from those causes curvature could and probably would result, under proper circumstances? A. If it did, the evidence would be forthcoming in the plaintiff's case now. Q. Well, what evidence? A. He would be apt to have atrophy of his muscles,

his muscles would be atrophied, or he would have some contraction or ankylosis.   Q.  Where?   A.  In the region where he was hurt.   Q.  Do you say that there are no such evidences in this case?   A.  I found none."

While the two questions are not identical in every respect, yet the answer given is a full and complete answer to both questions.

The second error assigned is in the ruling of the court sustaining objections to the following questions propounded to Dr. Kirkpatrick, one of the physicians appointed by the court, in the course of his cross-examination.

"Q.  You have been paid by the defendant street railway company for making this examination?   Q.  How much does the street railway company pay you for testifying in these cases, doctor, over and above the regular lawful fees provided by law?"

While the witness was appointed by the court, he became a witness at the instance of the respondents, and they were obligated to pay, not only his fees as a witness, but reasonable compensation for making the physical examination of the appellant.   The fact that the witness had been paid for his services at the time of the trial, was immaterial and irrelevant.   The second question propounded does not present the question which the appellant seeks to raise in this court. The question assumed that the witness had testified for the respondent company in other cases, and inquired what he was paid for so doing.   That question was irrelevant and immaterial in this trial, and whether it would have been competent to inquire what the witness was paid in the case on trial, we will not decide, as no such question is presented in the record before us.

The next error assigned is in the ruling of the court sustaining objections to the following questions propounded to Dr. Keyes, a witness called by the appellant in rebuttal:

"Q.  I will ask you to state to the jury whether or not that is a proper test to be applied to this plaintiff in this

case, taking into consideration his physical condition and all the other questions that have been suggested concerning his confinement to the house, the fact that he has only been upon his feet a portion of the time? Q. I will ask you to tell the jury whether or not the test just made, of laying the plain-tiff on his abdomen on the table, in the manner in which it has just been done by Dr. Birney and the other gentlemen assisting him, was a fair test in this case upon the question of curvature that is under consideration before this jury? Q. Dr. Keyes, I will ask you to tell the jury in this case whether or not the laying of the plaintiff upon the table upon his abdomen and face, pushing the left shoulder down, pulling the right shoulder up, for the purpose of changing the position of the spine, if possible, by getting the shoulders as nearly square as it was possible to have them placed in that position, whether that is a fair test upon the question of curvature as presented to the jury in this case."

The reason assigned by the court for its ruling was, that the question whether the tests applied by the witnesses for the respondents were fair or proper, was for the jury. In this the court erred. The witness was asked his opinion on a matter involving scientific and technical knowledge, not within the experience of the ordinary witness or juror, and should have been permitted to answer. Certainly the ordinary juror is not qualified to determine whether any given test will disclose the presence or absence of curvature of the spine without the aid of expert or opinion evidence. Nor is there any merit in the claim that the testimony was not proper in rebuttal. While the witness had already testified that the appellant had curvature of the spine, stating fully the reasons for his conclusion, yet he was asked nothing concerning the tests afterwards applied by the respondents' witnesses, and the appellant could not, and was not required to, anticipate the tests that might be resorted to. Here again the respondents contend that the error was without prejudice, because the witness afterwards answered the questions, but

with this contention we cannot agree.   The only question which the witness was permitted to answer was the following:

"Q.   I will ask you what, if anything, the marking that has been made upon the back of the plaintiff along the line of the spinal column would show if the right shoulder was left in the natural position it has assumed."

This question does not cover the subject-matter of the interrogatories to which objections were sustained.

The next error assigned is in the giving of the following instruction:

"It is not enough for the plaintiff to show that he may possibly sustain any certain items of damage, but in order to recover he must prove to a reasonable certainty that he will in reasonable probability sustain damages.   And in determining in this connection, you are instructed that the proof adduced by the plaintiff in regard to such impairment of his earning capacity must be clear and convincing, and you are not entitled to indulge in speculation or surmise in arriving at the amount of such impairment in his earning capacity, if you find such."

The only exception that could possibly refer to this instruction, is in the following language:   "Plaintiff wishes to except to your Honor's instructions as to the measure of damages."   Several instructions of the court referred directly, and indirectly, to the measure of damages, and the above exception is wholly insufficient to raise any question for review in this court.   But in view of the fact that a new trial must be granted on other grounds, we deem it proper to say that the instruction taken by itself is not a correct statement of the law.   The first part of the charge is correct, but it was only incumbent on the appellant to prove these facts by a preponderance of the evidence, and there is a vast difference between *clear* and convincing proof and a mere preponderance.   The former expression is used in those cases where a mere preponderance of the evidence does not satisfy the requirements of the law.   *Barnes v. Packwood,* 10 Wash. 50, 38 Pac. 857.

The next error assigned is in giving the following instruction:

"In arriving at the amount of his damages, you are to say not only what they are, but whether the means used by the plaintiff to reduce the damages were such as an ordinarily prudent man would use. You cannot say that he should or should not have obtained any particular kind of treatment. As to that, he must alone be the judge. But when he has determined what treatment to take it will be for you to say if in making that determination he used the means that a reasonably prudent man would take to cure himself of his injury or to reduce the extent thereof under the same circumstances. If you find that he did not, and you can say that some other treatment would have brought about a cure or reduced the amount of his damages, and that that treatment was one that a reasonably prudent man would have adopted, then you must say that he has not used the care which a reasonably prudent man would use to reduce the damages, and you must take that into consideration in arriving at your verdict, and you fix the standard as to what a reasonably prudent man would do under such circumstances."

This instruction is not open to the criticism urged against it. It does not, as contended by counsel, hold the appellant responsible for the results of his physician's treatment. It simply exacts of him that degree of care which a reasonably prudent man would exercise under the same circumstances, and such we believe to be the duty imposed by law.

The next error assigned is in the giving of the following instruction:

"You are further instructed in this case that if from the evidence you find that the physician who was first called to attend the plaintiff after his injury was present in court during the trial of the cause and was not called by the plaintiff, you may take this fact into consideration; but in doing that you must also take into consideration the relations between the physician and the defendant, as to whether he was the acting physician on the part of the defendant or not, and whether, under all of the circumstances disclosed, as you shall find from the testimony, the plaintiff should have under

such circumstances called the attending physician. In considering this matter you should take into consideration all of the facts as disclosed from the testimony and the surrounding circumstances."

The respondents contend that this instruction was not excepted to, and was not prejudicial to the plaintiff, inasmuch as it appears from the testimony that Dr. Axtell could give no evidence favorable to the appellant on the question of curvature of the spine (which was substantially the only issue in the case), because the symptoms did not appear until several days after Dr. Axtell attended him. If the instruction was not pertinent to the facts in the case it should not have been given, and we will not discuss the general principle of law involved in this part of the charge. Other errors are assigned, but they relate to matters that will not occur on a retrial.

For the errors above discussed, the judgment is reversed, and a new trial ordered.

MOUNT, C. J., FULLERTON, HADLEY, and CROW, JJ., concur.

DUNBAR and ROOT, JJ., took no part.