[No. 7267.　Decided June 29, 1908.]

FRANK HOSETH, *Respondent*, v. PRESTON MILL COMPANY, *Appellant*.[1]

MASTER AND SERVANT—NEGLIGENCE—DEFECTIVE APPLIANCES—EVI-
DENCE—ADMISSIBILITY—APPEAL—REVIEW—HARMLESS ERROR. In an
action for personal injuries sustained through an alleged defective
swamp hook and lead line, it is competent for the defendant to
show that the hook and line were, while in the same condition, used
several days after the injury in the same work, and worked per-
fectly; but its exclusion is not prejudicial error where there was
testimony that the same had been used in the same way for eighteen
months prior to the accident.

EVIDENCE—CONCLUSIONS—MASTER AND SERVANT—WARNING. It is
not error to exclude evidence that a man could not remain in a log-
ging camp a single day without hearing warnings to keep away
from the lead lines, the same being a conclusion for the jury.

SAME—APPLICABILITY TO ISSUES. Testimony as to what might
have happened, upon a contingency as to which there was no evi-
dence in the case, is properly excluded.

MASTER AND SERVANT—SAFE APPLIANCES—KNOWN DANGERS—IN-
STRUCTIONS AS TO CORRESPONDING DUTIES—TRIAL—INSTRUCTIONS AS A
WHOLE. It is not prejudicial error in an action for injuries sustained
by a signalman in a logging camp, through the breaking of a swamp
hook, to instruct that the master and servant do not stand upon a
footing of equality as to the knowledge of danger, where the instruc-
tion is immediately followed by full and proper instructions as to
the corresponding duties of the parties which, taken as a whole,
were favorable to appellant.

DAMAGES—PERSONAL INJURIES—RESULTING DAMAGES—REBREAKING
OF LEG. In an action for personal injuries from the breaking of a
leg, where, three months after the accident, the plaintiff was per-
mitted by the physician to go about on crutches and fell and rebroke
his leg, he may recover the entire damages sustained, if he exercised
reasonable care at the time of the fall, and if the second injury was
attributable to the first.

SAME—INSTRUCTIONS. An instruction as to damages caused by a
fall from crutches three months after the original injury, to the
effect that plaintiff is not guilty of negligence in using the leg be-
fore complete recovery, with permission of the physician, in "the
absence of bad faith," and may recover for injuries while walking

[1]Reported in 96 Pac. 423.

around "in good faith" is erroneous, in failing to require reasonable care by the plaintiff; and is not cured by a contradictory instruction on the subject of "contributory" negligence.

Appeal from a judgment of the superior court for King county, Tallman, J., entered October 22, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a signalman employed in a logging camp. Reversed.

*Shank & Smith*, for appellant.

*Martin J. Lund* and *Vince H. Faben*, for respondent.

RUDKIN, J.—This action was instituted in the court below to recover damages for personal injuries. At the time of receiving the injuries complained of, the plaintiff was in the employ of the defendant in one of its logging camps, and was standing near a cable extending from the logging engine out into the forest, for the purpose of transmitting signals from the men in the forest to the engineer. In transmitting the signals, the plaintiff stood within ten or twelve feet of a large stump to which a snatch block was anchored for the purpose of holding the cable in place. The snatch block was fastened to the stump by a lead line which was wrapped one and one-half times around the stump, and a swamp hook attached to the end of the line was hooked or fastened into the body of the stump. While the plaintiff was occupying this position, the strain on the cable caused the swamp hook at the end of the lead line to give way, and the hook or line struck him, fracturing his leg and arm. The specific acts of negligence charged in the complaint were the use of a defective and inadequate hook, and the failure to securely fasten the hook in the stump. The answer denied the negligence charged in the complaint, and alleged affirmatively contributory negligence on the part of the plaintiff and negligence of a fellow servant. The trial resulted in a judgment in favor of the plaintiff, from which the defendant has appealed.

In the course of the trial the appellant offered to prove that the swamp hook and lead line which caused the injury were afterwards used for two or three days in the same work, while in the same condition, and with the same set in the stump, and that they worked perfectly. This testimony was competent and should have been admitted. *Tremblay v. Harnden*, 162 Mass. 383, 38 N. E. 972; 2 Labatt, Master and Servant, § 822. Testimony was received, however, showing the use of the same appliances, in the same manner, for a period of eighteen months prior to the accident, and we do not think that the exclusion of testimony tending to show a like use for two or three days after the accident would be sufficiently prejudicial to warrant a reversal.

The appellant further offered to prove that a man could not remain in its logging camp for a single day without hearing many times a warning to keep away from the lead line. The appellant might doubtless show the nature of the warnings given, how often the warnings were repeated, and the opportunity of the respondent for hearing the warning, but the conclusion that the respondent could not remain about the camp for as much as a day without hearing the warnings many times was for the jury, and not for the witnesses. There was no error in the ruling complained of.

The appellant objected to the following question propounded to one of its witnesses on cross-examination, for the reason that the question was not based on any issue in the case, but the objection was overruled:

"Q. Suppose that a hook weighing one hundred and fifty pounds, or one hundred pounds, or sixty pounds, we will say, was flying around that stump with such terrific force as might be expected in a case of this kind, and the hook and strap became disengaged from the pulley and shear block; don't you think it had sufficient force to travel probably one hundred feet, if there was nothing in the way?"

There was no pretense that the hook or strap became disengaged from the pulley or shear block, and what might or

might not happen in such a contingency would seem utterly immaterial in this case. The objection should have been sustained.

On the question of contributory negligence the court instructed the jury as follows:

"The court instructs the jury that the plaintiff would not be entitled to recover if he by his own negligence contributed to his injury, that is, if such negligence on his part was the proximate cause of the injury, and that the accident would not have occurred had it not been for the negligence of the plaintiff."

The giving of this instruction is assigned as error. The particular objection urged against the instruction is that the jury were left to infer therefrom that the negligence of the servant alone must be the proximate cause of the injury in order to defeat a recovery. The true rule is that if the combined negligence of the master and servant is the proximate cause of an injury and the negligence on the part of the servant proximately and naturally contributes to that injury there can be no recovery. *McLeod v. Spokane,* 26 Wash. 346, 67 Pac. 74. Whether the instruction as given was misleading or not we need not inquire, as the judgment must be reversed on other grounds.

The giving of the following instruction is further assigned as error:

"I instruct you that the master and servant do not stand upon an equal footing even when they have equal knowledge of the danger. The position of the servant is one of subordination and obedience to the master, and he has a right to rely upon the superior skill and knowledge of the master. The servant is not entirely free to act upon his own suspicions of danger."

The instruction complained of was followed by these instructions:

"If you believe from the evidence that it was dangerous to stand or be near the stump where this accident is alleged to

have occurred and that the danger of such position was alike open and obvious to the master and the servant, and that the plaintiff knew of the danger, or by the exercise of reasonable care or caution could have known of the danger, then both the master and the servant are upon an equality and the master is not liable for an injury resulting from dangers incident to the employment."

"The very conditions of danger which impose upon the master the duty of care in the selection of the hook and in its use also impose a corresponding duty of care upon the servant. The master has a right to suppose that the servant will be alert and observe that diligence to detect and avoid danger which a man of ordinary prudence would exercise for self preservation under like conditions. If you find from the evidence that the plaintiff was not alert and did not observe that diligence both to detect and avoid dangers which a man of ordinary prudence would exercise for self preservation under similar conditions, then your verdict will be for the defendant."

"The defendant was not required, in order to relieve itself of liability, to call the attention of plaintiff to every special risk from which an injury might result. If defendant warned the plaintiff of the general dangers incident to his employment, or if the plaintiff knew or should have known in the exercise of ordinary care as a man of ordinary intelligence and prudence, that such dangers existed, then plaintiff cannot recover."

The abstract question embodied in the charge excepted to was considered by this court in *Tham v. Steeb Shipping Co.*, 39 Wash. 271, 81 Pac. 711, and other cases, and the instruction was disapproved as a general statement of the law applicable to all cases of this character. But while the instruction excepted to may not be sound in law and was in direct conflict with the instructions immediately following, yet the charge on this point when taken as a whole was very favorable to the appellant, and we do not think that it could be in any manner prejudiced thereby.

On the question of the right of the respondent to recover for injuries resulting from a fall some three months after the

original injury complained of, the court instructed the jury as follows:

"The court instructs as to the measure of damages, if you should find from the evidence in this case, under the instructions of the court, that the plaintiff is entitled to recover, then the court instructs you that any damages that the plaintiff has suffered by reason of his having fallen and rebroken his leg could not be included. He would only be entitled to recover for the damages which he sustained as a direct result of the injury complained of in the complaint. The court means by the direct result of the injury, that which flows directly from the accident, and even though the rebreaking of the leg would not have happened had not the original injury been received, yet the plaintiff would not be entitled to compensation for this additional injury.

"But I further instruct you that a person injured through the negligence of another is only required to use reasonable care to effect a cure, and where there has been no negligence on the part of the injured, and his injuries result more seriously than it was at first supposed they would, there should be a full recovery for the entire result. A person injured cannot be held guilty of negligence in using the injured limb before a complete recovery, under the orders and directions of his physician, in the absence of bad faith, and if you find from the evidence before you that the plaintiff, after his limb had been set, while walking around upon crutches in good faith, at the direction and permission of his physician, slipped and rebroke his limb, and that such rebreaking of the limb would not have occurred but for his original injury, then the injury causing the original fracture was the proximate cause of the rebreaking, and the plaintiff is entitled to recover, if you find for him, for the entire result to him."

To a proper understanding of these instructions, a brief reference to the facts becomes necessary. About three months after the respondent received his original injury, he was permitted by his physician to go about the hospital wards on crutches, and as he was ascending the stairs from the wards one of his crutches slipped on the landing and he fell to the floor, rebreaking his leg. It is apparent on inspection that

the instructions last quoted are conflicting. The jury were first told that the respondent could not recover damages for the additional injuries caused by the rebreaking of the leg, and later that he could recover for such injuries under certain conditions. The first part of the charge was clearly erroneous, but was favorable to the appellant, and if the latter part of the charge declared the law correctly there was no prejudicial error. The rule is that the injured person must exercise reasonable care to effect a cure, both as to the selection of a physician and as to his own personal conduct, and if he does so he may recover all damages flowing naturally and proximately from the original injury. And in this case if the respondent was out on crutches under the instructions of his physician, and was in the exercise of due and reasonable care at the time of his fall, he may recover the entire damages sustained, provided of course the second injury was attributable to and would not have occurred except for the original injury. *Rowe v. Whatcom County R. & Light Co.*, 44 Wash. 658, 87 Pac. 921; *Postal Tel. Cable Co. v. Hulsey*, 132 Ala. 444, 31 South. 527; 13 Cyc. 76 *et seq*.

But this question was not clearly or fairly submitted to the jury. All that was required of the respondent to entitle him to recover for the additional injury was that he was walking about in good faith at the time, at the direction and permission of his physician. The term, *in good faith*, as used in this instruction is not the equivalent of, with due and reasonable care, and was not so intended. It was preceded by the expression, *in bad faith*, and the expressions, *in good faith*, and *in bad faith*, as here employed could only refer to the conduct of the respondent in following out the advice and instructions of his physician. They did not refer to his personal conduct in looking out for his own safety and welfare. Nor was this defect in the charge cured by the instructions on contributory negligence, for the negligence of the respondent in falling and rebreaking his leg, if he was negligent,

was not strictly speaking contributory negligence at all.  Inasmuch as the damages in this case arose largely from the second fracture of the leg, it was of the utmost importance to the appellant that the jury should be fully and fairly instructed as to its liability for such additional injuries, and we think the charge insufficient and faulty in this respect.

The denial of a motion for nonsuit is also assigned as error. There was competent testimony tending to show that the hook used was defective, and was not securely fastened in the stump, and the weight of this testimony was for the jury. The record does not show contributory negligence on the part of the respondent, as a matter of law, and the motion for nonsuit was properly denied.  There are some other assignments of minor importance, but the rulings complained of will not occur on a retrial, and we deem it unnecessary to discuss them.  Some of the errors we have pointed out are not of sufficient moment to warrant us in disturbing the judgment, but for error in the instructions on the measure of damages and the right of recovery for injuries resulting from the rebreaking of the leg, the judgment is reversed and a new trial ordered.

HADLEY, C. J., FULLERTON, and CROW, JJ., concur.

MOUNT and ROOT, JJ., took no part.