[No. 8178.  Department Two.  October 29, 1909.]

FRANK HOSETH, *Respondent*, v. PRESTON MILL COMPANY,
*Appellant*.[1]

MASTER AND SERVANT—NEGLIGENCE—AUTHORITY OF COSERVANT—
PRESUMPTION.  In an action for injuries sustained through the giv-
ing way of a swamp hook set in a stump to hold a lead line, it will
be presumed, in the absence of evidence, that the hook was set by
a hook tender duly authorized by the defendant.

APPEAL—REVIEW—VERDICT.  A verdict cannot be set aside on
appeal because of sharp conflict in the evidence.

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE.  An admission
of evidence to show plaintiff's inexperience and failure to warn him
of dangers is immaterial where it affected only the question of his
contributory negligence and there was no testimony tending to show
contributory negligence, and where direct and positive instructions
plainly withdrew from the consideration of the jury all issues on
those subjects.

MASTER AND SERVANT—FELLOW SERVANTS—VICE PRINCIPALS—IN-
STRUCTIONS.  It is not error to refuse requested instructions to the
effect that the jury could only find negligence from the setting of a
swamp hook if the fact "was known to the defendant's foreman in
charge of the plaintiff," or could have been known and remedied by
the foreman by the exercise of reasonable care, where the court in-
structed that the defendant was not liable if it used due and reason-
able care in the selection of a reasonably safe swamp hook; since a
hook tender in selecting or setting the swamp hook would be per-
forming a nondelegable duty of the master.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT.  A verdict for
$5,000 for fractures of leg and arm held not excessive.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered January 11, 1909, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action for personal injuries sustained by a signalman em-
ployed in a logging camp.  Affirmed.

*Shank & Smith*, for appellant.

*Vince H. Faben* and *Martin J. Lund*, for respondent.

[1]Reported in 104 Pac. 612.

DUNBAR, J.—This appeal is from a judgment rendered upon the verdict of a jury in the sum of $5,000, in an action for personal injuries. This action has been in this court upon a former appeal, and is reported in 49 Wash. 682, 96 Pac. 423 where the following brief statement of the case is presented, which we will adopt:

"This action was instituted in the court below to recover damages for personal injuries. At the time of receiving the injuries complained of, the plaintiff was in the employ of the defendant in one of its logging camps, and was standing near a cable extending from the logging engine out into the forest, for the purpose of transmitting signals from the men in the forest to the engineer. In transmitting the signals, the plaintiff stood within ten or twelve feet of a large stump to which a snatch block was anchored for the purpose of holding the cable in place. The snatch block was fastened to the stump by a lead line which was wrapped one and one-half times around the stump, and a swamp hook attached to the end of the line was hooked or fastened into the body of the stump. While the plaintiff was occupying this position, the strain on the cable caused the swamp hook at the end of the lead line to give way, and the hook or line struck him, fracturing his leg and arm. The specific acts of negligence charged in the complaint were the use of a defective and inadequate hook, and the failure to securely fasten the hook in the stump. The answer denied the negligence charged in the complaint, and alleged affirmatively contributory negligence on the part of the plaintiff and negligence of a fellow servant."

The judgment was reversed for the reason that an instruction as to damages caused by a fall from crutches three months after the original injury, to the effect that plaintiff is not guilty of negligence if using the leg before complete recovery with the permission of the physician, in the absence of bad faith, and may recover for injuries incurred while walking around in good faith, is erroneous in failing to require reasonable care in the plaintiff, and is not cured by a contradictory instruction on the subject of contributory neg-

ligence. Upon a retrial of the cause, the verdict above mentioned was obtained, and judgment was entered, and the case is here again on appeal.

It is insisted that there is no evidence whatever to show who set the swamp hook at the time of the injury to the plaintiff. The hook tender, Mr. McCormick, at the time of both trials was dead. In the absence of proof, the presumption must be that, in the orderly and usual conduct of the business, the hook was set by a tender duly authorized by the defendant company. It is stated by the appellant that there is a sharp conflict in the testimony between the plaintiff and the skid-road man, the doctor and the nurses who attended him during his injuries, and other witnesses offered by the defense, and this conflict of testimony is largely set forth. With a sharp conflict of testimony, or indeed any substantial conflict of testimony, this court has no concern, questions of that kind being submitted entirely to the jury; so that it is not necessary to discuss in this opinion questions involving the conflict of testimony.

The first assignment is that the court erred in allowing plaintiff to introduce evidence, over objection, that plaintiff was inexperienced and was not warned by defendant or its employees. In addition to the fact that this affected only the question of contributory negligence, and that there is no testimony whatever tending to show contributory negligence on the part of the plaintiff, the admission of this testimony could be at least only immaterial, and not in any way prejudicial. Moreover, the court, at the request of the appellant, instructed the jury directly upon this point, as follows:

"You are instructed that plaintiff does not charge in his complaint and cannot recover for any acts of negligence and carelessness of defendant, or any of its servants, in and about any other thing, or in any other manner than that of the selection and use of the swamp hook, and the manner in which it was fastened in the stump by defendant's foreman or under his immediate supervision."

On the point raised in relation to the testimony of want of warning, introduced by the plaintiff, the court instructed as follows:

"You are further instructed that plaintiff has not charged in his complaint, and cannot recover for any act of carelessness or negligence of its foreman by reason of the failure to warn the plaintiff of any danger to which he was subjected by reason of the performance of the work he was directed to do. Even though you should find from the evidence that the injury to plaintiff was caused by the failure of defendant to warn the plaintiff of danger to which he might be subjected, yet you cannot find a verdict for the plaintiff by reason thereof."

Notwithstanding this instruction, it is insisted by the appellant that the error was not cured by said instruction. But the trial of a lawsuit cannot be conducted in every particular in exact accord with prescribed rules. Many slight errors are liable to creep in, and the best that can be done is for the court to correct the error and remedy the inadvertence as nearly as possible. In this case this attempt was made by the court, and we think that the direct, positive, and explicit instruction of the court in this case substantially cured the error committed, if error it was in the first instance.

It is also alleged that the court erred in instructing the jury as follows:

"If you shall find from the evidence in the case that the swamp hook was insecurely and improperly fastened to the stump and by reason thereof liable to give way and fall out, and to cause injury to the plaintiff, and that the plaintiff did not know these facts and could not have known them under the circumstances, by the exercise of reasonable care and caution, and that such facts were known to defendant's foreman in charge of the plaintiff, or by the use of reasonable care could have been known by him and that the foreman failed to remedy the defect and failed to have the swamp hook properly fastened and that such defect on the part of defendant's foreman was the cause of such injury to plaintiff, then you should find a verdict for the plaintiff."

As presenting the opposite doctrine, the appellant asked that the following instructions be given by the court, which was by the court refused, which refusal is assigned as error here:

"I instruct you, gentlemen of the jury, that the master owes a duty to its servant to use reasonable care to provide reasonably safe tools and appliances with which to prosecute the work undertaken, and if injury is caused to the servant by reason of the master's failure to perform that duty, and while the servant is using due care, then the master is liable for damages for injuries so caused. If you shall find from a fair preponderance of the evidence before you that the injuries to plaintiff complained of were caused by the use of the swamp hook that was too small or inadequate for the work for which it was used, and in addition thereto that defendant was careless and negligent in the selection of the swamp hook, and while the plaintiff was using due care, then your verdict should be given for the plaintiff. But you are instructed that if the defendant in this case used due and reasonable care in the selection of a reasonably safe swamp hook, then defendant has performed its entire duty which it owed to the plaintiff in this respect, and plaintiff cannot recover any damages resulting from the use of the size and the kind of hook used."

The twelfth instruction asked for contains substantially the same idea. The argument of the appellant in support of its assignments is that, when a master has used due and reasonable care in the selection of reasonably safe tools and appliances, and the furnishing of a safe place in which the servant is to work, he has performed his entire duty, and cannot be liable for any injuries arising from the conduct of his business; that it is not his duty to see that such tools are properly adjusted in the ordinary conduct of the business of the master; that it is not the duty of the master to follow every servant about and see that he does not place an instrumentality or a combination of instrumentalities, or the place, temporarily, where the servants are working, in a dangerous condition. The fault of this argument, as applied to this particular case, is that there is no question of fellow

servant involved here, or the question of the master following servants around to see that they properly use instrumentalities which are furnished to them by the master; because, under the former rulings of this court, the hook tender is the *alter ego* of the master, and therefore it is the master himself who is performing his own duty in the management of the instrumentalities employed in the performance of the work.

In the cases cited by the appellant to sustain this contention, the injury was either the result of the action of a fellow servant, or the plaintiff was engaged in work under his own control and as a representative of the master, as in the case of *Anderson v. Inland Telephone etc. Co.*, 19 Wash. 575, 53 Pac. 657, 41 L. R. A. 410. That the hook tender here was performing a nondelegable duty of the master, see *Sullivan v. Wood & Co.*, 43 Wash. 259, 86 Pac. 629, 117 Am. St. 1047; *Goldthorpe v. Clark-Nickerson Lum. Co.*, 31 Wash. 467, 71 Pac. 1091.

We have examined the other instructions complained of, but in the light of the whole instruction given by the court, which was extremely fair and presented every defense available under the law to the appellant with no uncertain qualifications, the instructions given being more favorable, as we view them, to the appellant than they were to the respondent, we think no error was committed in the giving or refusing of instructions.

As to the claim of excessive damages allowed, we are unable to reach the conclusion from the testimony that the verdict of the jury and the judgment of the court in this respect ought to be interfered with by this court. The judgment is therefore affirmed.

Rudkin, C. J., Mount, Crow, and Parker, JJ., concur.