[No. 9319.   Department Two.   January 20, 1911.]

THE STATE OF WASHINGTON, *Respondent*, v. MAT LETICA,
*Appellant*.[1]

INDICTMENT AND INFORMATION—DEGREES OF OFFENSE INCLUDED—AS-
SAULT.   An information charging first degree assault with intent
to kill by stabbing with a knife sustains a conviction for second
degree assault with intent to do "grievous bodily harm," or that the
"weapon or other instrument or thing was likely to produce bodily
harm," under Rem. & Bal. Code, § 2414.

CRIMINAL  LAW—SELF-DEFENSE—INSTRUCTIONS—APPEAL—HARM-
LESS ERROR.  In a charge on the subject of self-defense, the inapt use
of the expression "justified by necessity," is not reversible error
where the instruction, considered as a whole in the light of other
instructions, fairly states the law, although if considered alone it
might be prejudicial.

CRIMINAL  LAW—APPEAL—INSTRUCTIONS—HARMLESS  ERROR.   A
needlessly long instruction will not be held prejudicial, as a matter
of law, as singling out the evidence of the accused, when the appel-
late court is unaided by the evidence and the instruction appears
correct in the abstract.

Appeal from a judgment of the superior court for Pierce
county, Chapman, J., entered October 7, 1910, upon a convic-
tion of assault in the second degree, after a trial upon an in-
formation charging assault in the first degree.   Affirmed.

*R. L. Sherrill* and *Gordon & Askren*, for appellant.

*J. L. McMurray, A. O. Burmeister*, and *F. G. Remann*, for
respondent.

CHADWICK, J.—Defendant was charged with the crime of
an assault in the first degree.   The charging part of the in-
formation is as follows:

"That the said Mat Letica, in the county of Pierce, in the
state of Washington, on or about the 19th day of June, nine-
teen hundred and ten, then and there being unlawfully and
feloniously did then and there with intent to kill one Paul

[1]Reported in 112 Pac. 748.

Viskich, by means likely to produce death, namely—by stabbing him, the said Paul Viskich, with a knife."

From a verdict and judgment of conviction of assault in the second degree, the defendant has appealed, and by timely exception to the instructions, has raised the following questions for our decision:

(1) That the information is not sufficient to charge an assault in the second degree, in that it does not charge that "grievous bodily harm" was inflicted, as required by subdivision 3, § 2414, Rem. & Bal. Code, nor that the assault was a wilful assault with a "weapon or other instrument or thing likely to produce bodily harm," as required by subdivision 4 of the same section. The case is brought here on a short record, and we cannot say that the defendant is not guilty of the crime of assault in the second degree, as was held in the case of *State v. Kruger,* 60 Wash. 542, 111 Pac. 769, which is cited and relied on by appellant. The information in this case seems to us to be clearly broad enough to comprehend the included crime of assault in the second degree. The charge of assault with intent to kill by stabbing with a knife, an instrument likely to produce death, is equivalent to, if not comprehensive of, an assault with intent to do "grievous bodily harm;" and a charge that the "weapon or other instrument or thing [was] likely to produce bodily harm."

(2) The cutting was admitted and the plea of self-defense interposed. When instructing the jury upon this defense, the court said, "unless you first find that the use of the weapon or means likely to produce death shall justify either the necessity or apparent necessity to preserve his own life," etc., the plea should be disregarded. It is admitted that, in other instructions, the law was correctly given to the jury, but that line of authority holding that "it is no answer to the objection that an erroneous instruction was given, for the prosecution to show that in another part of the charge another instruction was given in which the law was correctly

stated," is cited to sustain the charge of error. Where there are two instructions, the one opposed to the other in principle and submitting two conflicting theories of law, the result may be such as to require a reversal; but where an instruction is given, as in this case, which, considered as a whole and in the light of other instructions, fairly states the law, this court has adopted the rule that it will not detach a sentence or paragraph which, when considered alone, might be prejudicial, and reverse the case for that reason. The use of the expression "justified by necessity" was inapt, but under the rule declared in *Hoseth v. Preston Mill Co.*, 49 Wash. 682, 96 Pac. 423, and *Engelking v. Spokane*, 59 Wash. 446, 110 Pac. 25, will not be held to be error warranting a reversal of the case.

(3) It is finally contended that the court, in instructing the jury as to the credit to be given to the testimony of the witnesses, singled out and made the testimony of appellant unduly prominent. The instruction complained of is unnecessarily long, and bears the vice of needless repetition. But passing upon it in the abstract, unaided by the light the evidence might throw upon it, we are unwilling to say it was prejudicial as a matter of law. An instruction of somewhat the same character was by this court allowed to pass the test of the law. *State v. Melvern*, 32 Wash. 7, 72 Pac. 489.

Judgment affirmed.

DUNBAR, C. J., RUDKIN, MORRIS, and CROW, JJ., concur.