## DIAMOND v. DUNCAN.

(Court of Civil Appeals of Texas. Dallas. June 3, 1911. Rehearing Denied June 10, 1911.)

INSURANCE (§ 103*)—AGENT OF INSURED—LIABILITIES.

An insurance broker procured insurance for his principal's property, and before the term had expired the insurer became insolvent and suspended business. Prior to the expiration of the term, the principal, not knowing that fact, requested the agent to reinsure the property, and this the agent agreed to do though he knew that the insurer had failed. After this agreement, the property burned, and the broker had procured no other insurance. *Held*, that he was liable for not having notified the principal of the failure of the insurer.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 130; Dec. Dig. § 103.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Eugene Duncan against W. L. Diamond. From a judgment for plaintiff, defendant appeals. Affirmed.

Alex F. Weisburg and Spence, Knight, Baker & Harris, for appellant. Harry P. Lawther, for appellee.

RAINEY, C. J. Appellee instituted this suit against appellant to recover on the following cause of action, as shown by appellee's amended petition, in substance, as follows: That Diamond, an insurance broker, had for years been accustomed to take care of Duncan's insurance for him by renewing policies from time to time at their expiration; that on July 12, 1904, said Diamond had procured for Duncan a certain $1,500 policy in the Traders' Insurance Company, and that on October 16, 1904, he obtained for him a certain policy for $200; that both of these policies expired within three years from their respective dates; that before the expiration of said policies said Traders' Insurance Company became wholly insolvent, but Diamond failed and neglected to apprise Duncan of said insolvency, or to obtain any substitute insurance for him; that by such failure said Diamond falsely and fraudulently represented to Duncan that said company continued to remain solvent, by reason whereof Duncan· was deceived and failed to procure new insurance, and that after the expiration of the first of said policies, and before the expiration of the second, the property covered thereby was destroyed by fire, and that same exceeded in value the face value of both policies.

The second count of the petition, after repeating the above allegations substantially, alleges an express contract on the part of Diamond, some time in the latter part of June or first part of July, to renew Duncan's policies; that Duncan called Diamond's attention about said date to the fact that said policies were about to expire, and requested a renewal of same, and Diamond, knowing of the insolvency of said company, yet failed to apprise Duncan thereof, and promised to make the renewal; that as a matter of fact Diamond overlooked the matter entirely,, and not only failed to renew the policies in the Traders' Insurance Company, but failed to obtain any other insurance.

Defendant's first amended original answer contained a general demurrer and general denial and special pleas.

The trial of the case resulted in a verdict and judgment in favor of Eugene Duncan in the sum of $1,700, with interest at 8 per cent. from January 1, 1908. The case is here on appeal by defendant.

While the evidence is conflicting, there is sufficient to support all the substantial allegations of the petition, which justified the verdict and judgment in favor of appellee.

The first assignment of error presented is: "The court erred in the following paragraph of its charge to the jury: 'If you find from the evidence that, prior to the expiration of the policies offered in evidence before you, dated · June 12, 1904, and October 10, 1904, said policies were negotiated by W. L. Dia-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

mond 'for Eugene Duncan with the Traders' Insurance Company, and that said Traders' Insurance Company, before their expiration, to wit, on or about the 6th day of May, 1906, failed and became insolvent, and that said Diamond knew of said insolvency and failed to notify said Duncan of said insolvency; and you further find that said Duncan was ignorant of said insurance company's insolvency; and you further find that, on account of said failure, if any, of said Diamond to notify Duncan of said insurance company's insolvency, Duncan failed to insure his property and was without insurance at the time of the fire; and you further find that in July, 1907, Duncan's property, as described in said policies, was destroyed by fire, and the value of the property so destroyed equaled or exceeded in value the amount named in said policies; and you further find from the evidence that, prior to the expiration of said policies, the said Duncan directed Diamond to renew the said policies upon their expiration, and that in answer to said direction you further find that Diamond verbally promised the said Duncan he would do so, and that upon expiration of the policies Diamond failed to procure new insurance on the property described in said policies, and that by reason thereof the said Duncan failed to have new insurance written, and at the time of the fire was without insurance—you will find for the plaintiff.'"

The proposition of appellant is, in effect, that, the evidence being conflicting as to continuing agency, as to the duty of the agent to notify the principal of the insolvency of the insurance company, and as to securing substitute insurance, it was a question for the jury, and not a matter of law, and the court erred in assuming, as a matter of law, the existence of such duty. We are of the opinion that there is no material error in the charge.

[1] There was evidence that in 1904 Diamond caused two policies to be issued by the Traders' Insurance Company, insuring Duncan's property against loss by fire; one June 12th, covering the residence, and the other October 10th, covering the barn. Prior to that time, Duncan had been insuring annually through Diamond, and finding it cheaper to insure for three years he, through Diamond, took out the three-year policies. The said insurance company became insolvent about May, 1906, and suspended business. Some time after that, but before the time of expiration of said policies, Duncan mentioned to Diamond the matter of insurance and requested Diamond to reinsure for him, which Diamond promised to do, but failed. At the time of this transaction, Diamond knew of the insolvency of the insurance company, and gave no information of that fact to Duncan, of which he (Duncan) was ignorant.

The court by his charge left it to the jury to determine whether or not the contract to reinsure was made with Diamond, and it was with reference to said contract that the issue of notice was predicated. If the contract of reinsurance was made—Diamond, knowing at the time that the insurance company was insolvent—it was Diamond's duty to have notified Duncan of such insolvency, that Duncan might have taken steps to protect himself, if he (Diamond) did not intend to procure the reinsurance. We think, under the evidence of Duncan, which the jury evidently believed, that the contract, though in parol, was binding on Diamond, and his failure to notify Duncan of the company's insolvency, or procure reinsurance, made him liable for Duncan's loss. By virtue of said contract, Diamond became the agent of Duncan in relation to said matter, and Duncan had the right to rely upon Diamond's attending to it for him.

Finding no error in the record, the judgment is affirmed.