No. 19,752.

EDWARD REZAC, *Appellant*, V. FRANK ZIMA and T. J. ABEL,
*Appellees.*

SYLLABUS BY THE COURT.

1. INSURANCE—*Agreement with Agent to Procure Fire Insurance—
   Breach of Agreement—Loss—Liability of Agent.* In a petition in
   which it is substantially alleged that a broker or agent undertook to
   procure insurance on certain property of an owner in some respon-
   sible company and where the parties agreed on the total amount of
   insurance, the amount to be placed on each class of the property to
   be insured, and that the premium should be taken from a certain fund
   provided by the owner, but that the broker neglected to procure the
   insurance, and in reply to an inquiry of the owner had assured him
   that the insurance had been obtained, and the property is thereafter
   destroyed by fire, a cause of action against the broker is stated, and
   certainly sufficient as against an objection of the defendants to the
   introduction of any evidence.

2. SAME. A broker or agent who undertakes to procure insurance for
   another is bound to exercise reasonable diligence to obtain it on the
   terms and conditions agreed upon and to give timely notice to his
   principal in case he is unable to procure it on the agreed terms and
   conditions, and if he fails to carry out his agreement and a loss re-
   sults through his inattention, incapacity or fraud he will be liable to
   the extent and for the amount that would have been recoverable upon
   the insurance he had agreed to procure.

Appeal from Pottawatomie district court; ROBERT C.
HEIZER, judge. Opinion filed December 11, 1915. Reversed.

*W. F. Challis*, and *E. C. Brookens*, both of Westmoreland, for
the appellant.

*R. F. Hayden, George P. Hayden*, both of Topeka, *F. T.
Woodburn, E. D. Woodburn*, both of Holton, and *A. E. Crane*,
of Atchison, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from a ruling of the
trial court sustaining defendants' objections to the introduc-
tion of evidence under the petition. Plaintiff alleged, sub-
stantially, that in June, 1912, defendant Zima solicited him to
procure insurance, aggregating $1150, upon plaintiff's barn,
which he was then erecting, and its contents; that plaintiff

Rezac v. Zima.

authorized and directed Zima to procure the insurance in some responsible company; that Zima informed plaintiff he would do so and would keep the policy at the bank of which he was cashier and charge the cost to plaintiff's account there; that later on the same day defendant Abel was sent out by Zima to look at the barn and contents and write the application, which Abel did; that afterwards plaintiff spoke to Zima about the policy and that Zima assured plaintiff that everything was all right. Plaintiff further alleged that on August 23, 1912, the barn and contents of the value of $1050 were destroyed by fire; that he informed Zima of the loss, who promised to notify the insurance company and see that it was adjusted; that later, the loss not being adjusted, plaintiff inquired of Zima the cause of the delay and was several times assured everything was all right and would be hurried up; that at all the times Zima assured plaintiff the loss would be paid by the company he well knew no policy had been obtained or properly applied for and such statements were made to mislead plaintiff; that not until about a month after the fire did defendant Zima inform plaintiff no policy had been applied for but that he had neglected to do so; that plaintiff had at all times relied upon Zima's promises; that Zima and Abel were each to share in the commissions and fees for obtaining the policy; and that because of defendants' wrongs, misrepresentations and gross neglect plaintiff was deprived of insurance, not having procured it elsewhere, to his damage in the sum of $1100. The separate answer of Zima contained denials and an allegation that he had asked Abel to take out an application of insurance and to procure the signing of same by plaintiff, which he had done; that he had sent the application to an insurance company and had done all that he could to obtain insurance, but that there was a delay in the matter the nature of which is not stated. He further alleged that the plaintiff did not have any money in the bank to be applied on the insurance. Abel answered with a general denial and an allegation that at the instance of Zima he had taken an application of insurance to plaintiff, and that plaintiff stated that if Abel was to have any commission on the transaction that he would not sign the application; that Abel then assured plaintiff that he had no connection with it,

48—96 KAN.

and that plaintiff then signed the application, which was the only connection defendant Abel had with the transaction. At the trial a jury were empaneled and the plaintiff proceeded to introduce his testimony, when defendants objected to the introduction of any evidence on the ground that the petition did not set forth a cause of action against the defendants or either of them. This motion was sustained and judgment for costs against the plaintiff was rendered. From these rulings plaintiff appeals.

On an objection to the introduction of evidence that a cause of action is not stated in the petition its averments are to be liberally construed. (*Weber v. A. T. & S. F. Rld. Co.*, 54 Kan. 389, 38 Pac. 569; *Howard v. Carter*, 71 Kan. 85, 80 Pac. 61; *Simmonds v. Richards*, 74 Kan. 311, 86 Pac. 452.) This action was not brought to recover upon a contract of insurance against the insurer, but is an action against the defendants for the failure to procure insurance on his property as they had undertaken to do, and for wrongfully representing that insurance had been procured when in fact it had not, as a result of which a considerable loss had been sustained. A broker or agent who undertakes to procure insurance for another is bound to exercise reasonable diligence to obtain insurance in accordance with his agreement and to notify his principal if he is unable to do so. According to the averments of the petition the defendants failed to perform this duty, and, as has been alleged, Zima deliberately deceived the plaintiff by giving him assurance that the property had been insured when he knew that no insurance had been procured. If defendants had informed plaintiff of the omission or failure he could have obtained insurance elsewhere and have provided against loss. It does not appear that a particular insurer was named, but it was agreed that insurance should be obtained in a responsible company. If defendants had failed to exercise reasonable care in the selection of an insurer and had placed the insurance with a company that was insolvent or one not authorized to insure, and subsequently the property had been destroyed and the plaintiff had been unable to realize on the policy, the defendants would have been liable. (*Latham v. Harrod*, 71 Kan. 565, 81 Pac. 214; *Harrod v. Latham*, 77 Kan. 466, 94 Pac. 11.) Brokers are equally liable where they undertake to procure

insurance and utterly neglect to obtain any insurance or fail
to carry out material provisions of their agreement and a loss
results. In such a case they are liable for as much as would
have been covered by the insurance which they agreed to
procure. (*Milliken v. Woodward,* 64 N. J. Law, 444, 45
Atl. 796; *Lindsay v. Pettigrew,* 5 S. Dak. 500, 59 N. W. 726;
*Sawyer v. Mayhew,* 51 Maine, 398; *Diamond v. Duncan,*
[Tex. Civ. App. 1911] 138 S. W. 429; *Mallery v. Frye,* 21
App. Cas. D. C. 105; *Criswell v. Riley,* 5 Ind. App. 496, 503,
30 N. E. 1101, 32 N. E. 814; *Backus v. Ames,* 79 Minn. 145,
81 N. W. 766; *Brick Co. v. Hogsett & Woodward,* 73 Mo.
App. 432; Note, 38 L. R. A., n. s., 631.)

There is a contention that a completed and enforceable
agreement was not made by the defendants, in support of
which *Mooney v. Merriam,* 77 Kan. 305, 94 Pac. 263, is
cited. That case was determined upon the evidence sub-
mitted and not upon an objection to the introduction of any
evidence. The arrangement between the parties there was
held to be so indefinite that it did not constitute a binding
contract. In that case no agreement was reached as to the
selection of an insurer, as to the property to be insured, nor
as to the amount of insurance to be taken. The owner was
claiming damages because of the destruction of the build-
ings, implements, grain and live stock, and yet no agreement
had been made either as to the extent of the property in-
sured nor the amounts to be placed upon each kind of the
owner's property. Here the agreement was that defend-
ant Zima was to select a responsible insurer. The prop-
erty to be insured was specifically agreed upon—to the
extent of $1150 in all. It was stipulated, too, that $550
should be placed on the barn, $100 on the hay therein, $200
on horses and $300 on harnesses, saddles, tools and miscel-
laneous contents, including some lumber. It is not alleged
how long the insurance was to run nor the amount of the
premium to be paid, but there are well-known standards as
to both of these which must be deemed to have been within
the contemplation of the parties when their agreement was
made. While the averments of the petition are not as full
as they might or should have been, they appear to be suffi-
cient as against the objections made by the defendants.

The terms and conditions were sufficiently specific and so well understood by the parties that an application was filled out by the defendants, but what ultimately became of it does not appear from the petition. The agreement is sufficiently definite and comprehensive to be upheld, especially as against the challenge that no evidence was admissible under the petition. It can not be held that defendants' agreement with plaintiff to procure insurance was void because of the double agency of the defendants as they did not undertake to place the insurance in any particular company. The defendants had agreed to select a company that was responsible, and such a stipulation has been held to be valid. (*Latham v. Harrod*, 71 Kan. 565, 81 Pac. 214.) It was alleged that plaintiff had an account in Zima's bank, and it was provided by the agreement that Zima was to take enough of plaintiff's funds to pay the premium when the insurance was procured; and so the agreement was definite and complete as to the selection of an insurer, as to the property to be included in the policy, as to the amount of insurance of each kind of property to be insured, and provision was made for the payment of the premium. It further appears that a written application was prepared by the defendants and they not only neglected to procure the insurance but wrongfully lulled the plaintiff to rest by representing to him that insurance had been obtained some time before the property was destroyed. As the case is presented here the agreement is an enforceable one and the defendants are responsible for the loss sustained through their neglect and wrong.

The judgment is reversed and the cause remanded for a new trial.