[No. 16865.  Department Two.  May 11, 1922.]

## Wm. Sheller, *Appellant*, v. Seattle Title Trust Company, *Respondent*.[1]

Trial (85)—Instructions—Preponderance of Evidence.  It is error to instruct that an agreement sued on must be established by evidence that is clear and convincing, which means more than the preponderance of the evidence.

Evidence (173)—Insurance (30)—Oral Agreement to Insure—Oral Evidence of Modification of Contract.  The fact that an insurance agency holds a mortgage which required the mortgagor to keep up the insurance on the property, does not preclude the agency from agreeing to issue additional insurance to a purchaser of the property subject to the mortgage; and in an action against the agency for failure to issue the additional insurance, it is error to instruct that the agreement for additional insurance would be a modification of the insurance clause in the mortgage.

Appeal from a judgment of the superior court for King county, Tallman, J., entered July 11, 1921, upon the verdict of a jury rendered in favor of the defendant, in an action upon a fire insurance policy.  Reversed.

*Walter S. Fulton (Robert G. Cauthorn, of counsel),* for appellant.

*Roberts & Skeel,* for respondent.

Hovey, J.—Appellant purchased from R. E. Higgs certain real property in Seattle upon which a building was situated.  At the time of the purchase there was a mortgage upon the property for $2,500, made by Higgs in favor of the respondent.  There was a clause in the mortgage by which the mortgagor agreed to maintain insurance upon the buildings in favor of the mortgagee in the sum of at least $3,000.  At the time of purchase, there were policies of insurance upon the

[1]Reported in 206 Pac. 847.

property of $4,500, the policies being held by the respondent. Appellant desired to have some additional insurance and, according to his testimony, consulted the assistant secretary of the respondent, who thought this would be a good plan. It appears that respondent acted as insurance agent, and by arrangement between the parties additional insurance amounting to $2,050 was procured by respondent and retained by it. The rest of the insurance was written by a different agency. Appellant testified that he lives in Everett and he arranged with respondent to keep the insurance in force and to bill him for the premiums, and that he paid respondent the premiums for the policies written November 17, 1918, and that respondent made a profit from writing the insurance. The buildings were destroyed by fire in April, 1920, and it was then discovered that the policies for $2,050 which had been written in the office of the respondent had not been renewed, and appellant thereupon sued for the face of those policies, less the amount which he would have had to pay for premium.

The case was tried to a jury, which rendered a verdict for respondent, and from an order denying the motion for a new trial and from the judgment upon the verdict, this appeal is prosecuted.

The errors claimed by appellant are in certain of the instructions given by the trial court. The first instruction complained of is the use by the trial court of the words "and which said evidence must be *clear* and *convincing*," in referring to the agreement sued upon in this case; this means more than the preponderance of evidence which the law required. *Rowe v. Whatcom County R. & Light Co.*, 44 Wash. 658, 87 Pac. 921; *Chaffee v. Hawkins*, 89 Wash. 130, 154 Pac. 143, 157 Pac. 35; *Hart v. Niagara Fire Ins. Co.*, 9 Wash. 620, 38 Pac. 213, 27 L. R. A. 86.

By this and several other instructions the court assumed that the proving of the contract sued upon was an attempt to vary the provision contained in the mortgage relative to insurance.

Among the instructions given by the court as to facts to be proven by respondent was the following:

"That thereafter the said mortgagor, the predecessor in interest of the plaintiff, did in writing execute the mortgage referred to in the complaint of plaintiff. That said written contract and agreement upon the part of the mortgagor by the terms of which the plaintiff herein is bound, has never in any manner or form been modified or changed and is the existing written agreement and the only agreement existing between the parties, and the plaintiff is by reason of said written agreement estopped to assert or claim any agreement, obligation or liability upon or against the defendant herein, and no consideration of any kind or character existed or exists for any alleged change or modification of the said written agreement existing between the parties."

And several of the other instructions were to the same effect.

The trial court, in our opinion, erred in its view of the law of the case as to the effect to be given the clause of the mortgage requiring insurance to be maintained upon the buildings. The agreement sued upon by appellant was not in derogation of the written provision in the mortgage. That agreement merely made the mortgagor responsible for the procuring of insurance, but did not undertake to specify who was to be his agent for the actual writing of the insurance. The confusion arises from the fact that respondent occupies a dual relation. From its position as mortgagee it had a right to require this insurance to be written, but in its position as an insurance agent it could make a valid agreement by which it was to attend to the keeping up of the insurance according to the practice often

followed by insurance agents, and if it violated this agreement it is liable in damages. *Rezac v. Zima*, 96 Kan. 752, 153 Pac. 500, Ann. Cas. 1918B 1035, and note p. 1038 citing many cases.

Under the view which we take of this claimed agreement it is not necessary to pass upon the question of whether appellant was bound at all by the personal covenant in the mortgage to maintain insurance, inasmuch as he was not a party to the instrument, but secured title by a deed under which he did not assume the payment of the mortgage.

The court further instructed the jury that, before appellant could recover they must find that the building and improvements were of the value of about $7,000 at the time they were destroyed. In view of the provisions of our statute (Rem. Comp. Stat., § 7151), the value of the premises was immaterial as between the parties to the agreement sued upon, and the court should not have given this instruction.

The judgment will be reversed and the cause remanded for a new trial.

PARKER, C. J., HOLCOMB, MACKINTOSH, and MAIN, JJ., concur.