## A. T. ANDREAS *vs.* E. V. HOLCOMBE.

### January 22, 1876.

Contract—Consideration.—A writing promissory to pay to A. a specified sum when A. shall perform certain acts, though it contains no promise of A. to do the acts, and shows no past or present consideration, becomes binding upon the promissor if, before it is revoked, A. perform the acts pursuant to it.

Pleading—Performance of Conditions.—An allegation in the complaint that the plaintiff "has fully performed all the terms and conditions of said contract to be done and performed by him in accordance therewith," is a sufficient averment of the doing of the things required to render the promise obligatory.

Appeal by defendant from a judgment of the municipal court of St. Paul, rendered on demurrer to the complaint.

*Davis, O'Brien & Wilson,* for appellant.

*Gilman, Clough & Lane,* for respondent.

'GILFILLAN, C. J. The judgment appealed from was rendered in favor of the plaintiff upon an order overruling a demurrer interposed to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action.

The complaint alleges that the parties entered into a contract in these terms:

"*$140. St. Paul, Minn., 17th June, 1874.*

In consideration for causing a 12-inch view of Park Place Hotel to be printed in his atlas of the state of Minnesota, I promise to pay A. T. Andreas, or his order, the sum of one hundred and forty dollars, payment to be made one-half on completion of design, draft, or sketch; remainder when atlas is completed. 100 extra views given on delivery of atlas. Extra views at — cents apiece.

(Signed,) E. V. HOLCOMBE."

And that plaintiff has fully performed all the terms and conditions of said contract to be done and performed by him in accordance therewith, and alleges defendant's refusal to pay.

The objections urged to the complaint are that it does not set forth any contract, because that attempted to be stated was not mutual and binding upon both parties, and that the promise therein is, therefore, without consideration, and that there is no sufficient allegation of performance by plaintiff of the specific acts mentioned in the writing. The writing does not show any past or present consideration, nor contain any promise on the part of plaintiff, and of itself was not a complete contract. It was in the nature of a request to do the things specified, or, like an order for goods, at a specified price, not binding, but revocable until acted on by the party to whom addressed, but which becomes binding, and a valid contract, when such party, the request

or order not having been recalled, complies with it. The allegation of performance is sufficient, for from it the defendant could not but understand the plaintiff to claim that he had done the things specified for him to do in the writing, and that always answers the purpose of pleading.

Judgment affirmed.