# APPENDIX.*

E. A. HAWLEY AND C. H. DODD, PARTNERS UNDER THE FIRM NAME OF HAWLEY, DODD & CO. *vs.* J. AND SILAS D. KE-NOYER.

The contract pleaded contains two mutual inter-dependent promises; the one being in consideration of the other, and conditional upon its performance.

A contract to pass title to a chattel *after* payment of its purchase price is by the law regarded as if it read *upon* such payment. However, the promise on the one part cannot be enforced until that on the other part is performed.

Where, without violence to its language, an agreement is open to two interpretations, the one fair to both parties, the other altogether favorable to one party, the former will be preferred.

If the parties to a contract do not fix the time for its performance and the law cannot presume a time the contract is void for uncertainty in that respect.

The court discuss the statute of frauds, as bearing upon this case, and intimate an opinion that where a contract contains such mutual promises as are found in this case, and is signed only by the party suing upon it, the other party may successfully interpose the defense of the statute.

The court hold the contract in suit is good, but that the complaint is bad, in that it fails to shows either a sale, or a tender.

Error to First Judicial District.

*C. B. Upton, L. B. Sharpstein, B. F. Dennison, Thayer & Williams* and *J. N. Dolph* for plaintiffs in error.

*Sullivan & Ellsworth* for defendants in error.

The complaint was founded upon the following instrument:

*The matter contained in this appendix could not be obtained until after the body of the work had been completed, and its table of cases printed. No reference is made to it in the index.

"$1900.00.  'Exhibit A.'  Walla Walla, W. T., July 17, 1877.  On the 1st day of January, 1879, after date, without grace, for value received, we promise to pay to the order of Hawley, Dodd & Co., at the office of Hawley, Dodd & Co., at Portland, Oregon, nineteen hundred dollars, payable in gold coin of the United States of America, with interest thereon in like coin, from August 1st, 1877, until paid, at the rate of one per cent. per month; and in case suit or action is instituted to collect the money above mentioned or any portion thereof, we promise to pay ten per cent. on the sum first aforesaid additional to said amount as attorney fee in such suit or action.  The above note is given upon and for the consideration that the said Hawley, Dodd & Co. have agreed, and promise, that upon the payment of said note, principal and interest, at maturity (time being of the essence of the contract), they will sell and transfer to the undersigned at the price of said principal and interest, the Straw Burning Engine, 12 Horse Power, which the said Hawley, Dodd & Co. have this day entrusted to the care of the undersigned.  It is admitted and agreed that said property, so entrusted, is the property of said Hawley, Dodd & Co., and the legal title thereof is in said Hawley, Dodd & Co., and shall remain in them until they shall make the aforesaid sale and transfer, after the principal and interest aforesaid shall be paid.  And the undersigned agree to return the said Straw Burning Engine, 12 Horse Power, to the said Hawley, Dodd & Co., if requested, at any time before said sale and transfer, in good order, and such return shall not extinguish or alter the liability of the undersigned to pay the principal and interest aforesaid.  It is agreed that on the above note, three hundred dollars shall be paid on the 1st day of January, 1878, and eight hundred forty-seven 50-100 dollars shall be paid on the 1st day of July, 1878.

Walla Walla, Post-office address.

J. KENOYER,
SILAS D. KENOYER.

A demurrer was interposed to the complaint, and sustained by the lower court, for the reason it failed to state facts sufficient to constitute a cause of action.

Opinion by GREENE, Chief Justice.

The contract embodied in this complaint contains two promises. Each is the consideration for the other. One is a promise by the defendants fully to pay the plaintiffs, by the first of January, 1879, $1,900 and interest, as the purchase price of a certain engine. The other is a promise by the plaintiffs, that they will, upon or after such payment, sell this engine to the defendants in consideration of that purchase price. The date, when the sale is to be effected, is expressly defined no further than by saying in one sentence, that it shall take place "*upon* the payment" of principal and interest, and in another, that it shall be made "*after* the principal and interest aforesaid shall be paid."

We think, that upon a contract so worded the plaintiffs in error are reduced to the following dilemma. Either, on the one hand, they must maintain that the contract is good, upon the theory that it is a contract containing two good, mutual and interdependent promises, each the consideration for the other, and the performance of each a condition precedent for the performance of the other; or else, on the other hand, they must admit that the contract is bad, upon the ground that the promise of sale is to be executed at a time indefinitely postponed, and is therefore an empty promise, void as a consideration for its counter-promise.

In support of the former proposition, this may be said. The law seeks that the words, which these parties have written out as their contract, should avail them something. The promise to sell is, according to that portion of the letter of the contract which makes most strongly in favor of the plaintiffs, to be executed "after" payment of the purchase price. How long after does not expressly appear. The law would supply the omission, by implying that it is to be executed within a reasonable time after. But a reasonable time after is the least possible time after; for, in the absence of express stipulation to the contrary, it is unreasonable that the vendor should retain title an instant after he is fully paid for the article sold. The law does not take note of indivisibly minute fractions of time.

*Lex non curat de minimis.* This sale "after" payment is, therefore, equivalent, in law, to a sale simultaneously with payment. In other words, it is a sale upon payment. Indeed, this agrees with the way the parties express themselves in the very heart and action of their instrument. Endeavoring to set out the promise of plaintiffs in error, they frame it thus: "The said H. D. & Co. have agreed and promise, that, upon payment of said note, principal and interest, at maturity, * * * they will sell and transfer," etc.

Taking this to be the intent of the parties, the promise to complete the payment of the purchase money at a certain time, and the promise to transfer legal title, upon that event, are interdependent promises. One such promise cannot be enforced until its counter-promise has been performed. Bishop on Contracts, page 697 and cases there cited.

Did we take the view of this contract contended for by plaintiffs in error, we should be compelled to consider it harshly framed in favor of the seller against the buyer. It is as if A should say to B, "I own an engine, and want you to buy it. It is worth $1,900. Now, you pay me $1,900 in three installments, the last by a certain day, and some time after the last is fully paid, I will sell you the engine for the money. Time is of the essence of the contract in what you are to do, but not in what I am to do. And you must agree to this, that I shall give up to you, neither my property in the engine, nor my right to the possession of it, until after I have your money. Now, you sign the contract. It is unnecessary that I should."

But no hard features appear in the bargain, when the promises of final payment and of sale are seen to be reciprocal.

Where an argument, without doing violence to its language, is open to two interpretations, one of which is fair to both parties and the other one-sided and hard, the former will be preferred. The presumption here is, that each intended to deal fairly and kindly by the other, and that the sale was to be perfected upon the completion of payment.

If, however, such were not the intent of the parties, if they

did not state, and the law does not step in to determine, the time when the sale was to be perfected, then it seems clear to us, that the second point of the dilemma must be accepted. If neither the law nor the parties fix the date when the sale is to be made, nothing does fix it. The vendor has eternity in which to make sale.

Where the time within which a promise is to be performed is not agreed upon by the parties, either expressly or by legal implication, but rests for definition solely upon the unrevealed and unsecured will of the promisor, the promise is valueless. We do not know that this position has ever been judicially questioned. Politically, the claim, that such a promise is valuable, has lately been widely urged in this country, with so much vehemence as profoundly to disturb our national industries and finances. The same claim still agitates our great political parties. But we do not hesitate to hold, that, in a court of law, such a promise has no value. If it be of no value, then it cannot serve as a valuable consideration.

Undoubtedly, a promise is a good consideration for a promise. But that promise which is a good consideration must be valuable.. An irredeemable, or indefinitely redeemable, promise to sell is as worthless as an irredeemable or indefinitely redeemable promise to pay. Either the words of the parties or the intendment of the law must give certainty to what they say, or, for all intents and purposes, they say nothing. If, in the contract before us, the promise to sell was thus worthless, the promise to pay was left without valuable consideration and void.

Now, one horn of this dilemma seems to us as fatal as the other. If plaintiffs in error choose the second, they thereby yield to the conclusion that the judgment of the district court was correct. For, then, they admit that the contract set up as their cause of action is invalid. If, avoiding the second, they seize the first, they are driven to the same fate, because their complaint shows neither a sale nor a tender of sale as an element of their cause of action.

The defendants in error, with great force, contend, that the

contract is void, under the statute of frauds. Their argument may be summed thus: A promise, not given for valuable consideration, is a *nudum pactum.* The only consideration for the promise of defendants in error, was the promise of the plaintiffs in error. But the promise of the latter, being unsigned by them, was void as against them, within the statute of frauds, and was therefore valueless. The promise of the former, then, was without consideration and void.

The weight of authority is against the conclusion reached by defendants' chain of reasoning. (3 Pars. on Cont., pp. 9, 10, 11 and notes.) Perhaps this is not, however, decisive of what the law is. There has been a widespread, but happily, not universal, disposition among judges, ever since the enactment of the statute of frauds, to elude the operation of its provisions in every case where possible. In the class of contracts consisting of mutual promises, they have held the party, who signed, liable to have the contract enforced against him, though it were unenforceable against the party, who did not sign. In order so to hold, they have often avowedly assumed that the statute prescribes, not what shall constitute, but what shall evidence a contract. And it would seem as if they had been obliged, consciously or unconsciously, to assume also, either that a promise which cannot be enforced is valuable enough to be good consideration for another's promise, or that the statute of frauds does not apply to a contract of mutual executory promises, where one party only has signed.

These assumptions we regard as questionable. But, until we can have access to a wider range of authorities, and make a more satisfactory examination of the questions involved, than our present circumstances afford, we are disposed to stand with the decisions already made.

Our own impression is, that the contract must be upheld, but that the complaint is bad because it fails to show either a sale or tender.

The judgment of the court below is affirmed.