[No. 9129. Department One. December 29, 1910.]

SPOKANE CANAL COMPANY, *Respondent*, v. HENRY M. COFFMAN *et al.*, *Appellants*.[1]

FRAUDS, STATUTE OF—AGREEMENT NOT TO BE PERFORMED WITHIN ONE YEAR. An oral contract whereby a vendor agreed not to declare a forfeiture of a contract to purchase land for five years, if the vendee would plant and cultivate an orchard and remain on the land, is void under the statute of frauds requiring contracts not to be performed within one year to be in writing.

EVIDENCE—PAROL TO VARY WRITING—CONTRACTS—MODIFICATION. A written contract to convey land, fixing the time for payments, with provisions for forfeiture, cannot be varied by parol proof of a modification whereby the vendor agreed not to declare a forfeiture for five years if the vendee would plant and cultivate an orchard and remain on the land.

VENDOR AND PURCHASER—CONTRACTS—DEFINITENESS—MUTUALITY. An agreement by a vendor not to declare a forfeiture of a land contract for five years, if the vendee would plant and cultivate an orchard and remain on the land, and if the land was not then paid for to take pay in fruit growing thereon, is void for indefiniteness and lack of mutuality, the vendee being under no obligation to remain on the land or to pay for it at any definite time.

[1]Reported in 112 Pac. 383.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered February 4, 1910, in favor of the plaintiff, after a trial before the court without a jury, in an action on contract. Affirmed.

*John M. Gleeson* and *Joseph F. Morton,* for appellants.
*Happy, Winfree & Hindman,* for respondent.

MOUNT, J.—This is the second appeal in this action. When the case was here before upon the appeal of the plaintiff in the action, the judgment was reversed and the cause remanded for further proceedings. *Spokane Canal Co. v. Coffman,* 54 Wash. 645, 103 Pac. 1106. In the opinion, we said:

"The record shows that they [respondents at that time] are still in default under the contract, and unless a new contract has been entered into, extending the time of payment, or waiving all payments past due, appellant is clearly entitled to a judgment of rescission and for possession of the land."

When the case was remanded, the defendant filed an amended answer by which the contracts were admitted, as alleged in the complaint, and an attempt was made to allege a new contract and waiver of payments past due and to become due. The amended answer alleged the new agreement as follows:

"Plaintiff company then and there informed these defendants . . . that if said defendants would remain on said premises and cultivate the same and set out an orchard on said premises, that no forfeiture would be demanded or claimed under said contract, or either of them, by reason of the failure of defendants to pay said monthly payments, or the taxes on said lands for a period of five years, if such there was, to wit, the time necessary to grow an orchard on said lands, and that at the end of said five years, if the said defendants had not previously paid for their lands, that there would be a superabundance of fruit growing on said lands by reason of the cultivation of said orchard by said defendants to pay for same."

It is not alleged that this waiver or new contract was made in writing. At the trial the defendants offered to prove that the contract was made orally, and that in pursuance thereof defendants remained on the land, and planted the same to trees and shrubbery and improved the same to the value of $3,000. The trial court was of the opinion that this alleged modification was, in effect, an attempt by parol evidence to vary and modify the terms of a written contract, and also that the contract was one which is required to be in writing, and was within the statute of frauds, and for these reasons sustained objections to the offered evidence.

We think the court was right upon both grounds. The contract was one which was not to be performed within a year, and under the statute was void unless in writing. The original contracts were in writing. There is no contention about that fact. But it is now claimed that the time and manner of payment were subsequently changed by oral agreement. The rule is elementary that the terms of a written contract may not be varied or contradicted by parol. The rule is stated in *Bradley v. Harter*, 156 Ind. 499, 60 N. E. 139, as follows:

"It is true that the consideration for the sale of real estate, even as between the parties to the written contract, may be shown by parol, when such consideration is not of itself contractual within the terms or provisions of the written instrument; but when a written contract affected by the statute, stipulated, fixes, and provides for the payment of the consideration as was done under the written agreement in this case, the consideration, and the mode or manner of its payment, as therein fixed and provided, became a part of the contract, and the latter, as to these, is no more open to change or modification by parol than it is in respect to any other of its parts."

Under this rule, the trial court was right in rejecting oral evidence to thus modify and vary the terms of the admitted written contract.

Furthermore, if we assume that the contract alleged was an entirely new contract, and was taken out of the statute because there had been a part performance, still the contract was so indefinite and uncertain as to be void. The allegation is that, if the appellants would remain on the premises and cultivate the land and set out an orchard thereon, no forfeiture would be claimed for a period of five years; and at the end of this period, if the appellants had not paid for the land, then there would be an abundance of fruit growing thereon to pay for the same. In other words, there was no obligation on the part of the appellants to pay for the land within five years, and no definite time thereafter when payment should be made with fruit, and appellants were not required to remain upon the land or to cultivate it. The contract is entirely wanting, both in definiteness and in mutuality. In the case of *Dorsey v. Packwood*, 12 How. (U. S.) 126, where the purchaser of a plantation "bound himself to transfer to his son-in-law one-half of the plantation, slaves, cattle, and stock as soon as the son-in-law should pay for one-half of the cost of said property either with his own private means or with one-half the profits of the plantation," it was held that such a contract was deficient in mutuality. The court, in reference to the contract, there said:

"But there is one characteristic necessary to give it validity as a binding contract, in which it is entirely deficient. It wants mutuality. It imposes no obligation on Dorsey whatever. He is not bound either to render services or pay money as a consideration for one-half the land. Packwood could not support a suit upon it to compel Dorsey to do anything. He has not an alternative obligation, because Dorsey is not bound to perform either alternative."

The same is true in this case. If the contract was made as the appellants alleged and attempted to prove, there was nothing in it to bind them. They were neither required to remain upon the land nor to pay for it at any time. We are of the opinion, therefore, that the new contract alleged was

within the statute of frauds, could not be proved by oral evidence, and was also void for uncertainty.

The judgment is therefore affirmed.

RUDKIN, C. J., GOSE, FULLERTON, and PARKER, JJ., concur.