[No. 9543. Department Two. November 9, 1911.]

H. M. HERRIN et al., *Appellants*, v. SCANDINAVIAN-AMERICAN BANK et al., *Respondents*.[1]

CONTRACTS—MUTUALITY — RESCISSION — CORPORATIONS — SALE OF STOCK. A memorandum agreement whereby one posted money in a bank, directing the payment for corporate stock if delivered within thirty days, may be rescinded at any time before delivery, where it is lacking in mutuality in that the other party was not bound to sell or deliver the stock.

ESCROWS—DEPOSITORY—LIABILITY. A bank in which a deposit was made on a continuing offer lacking mutuality is not liable to the other party on revocation of the offer.

Appeal from a judgment of the superior court for King county, Ronald, J., entered February 3, 1911, upon granting a nonsuit, dismissing an action on contract. Affirmed.

*Byers & Byers*, for appellants.

*Martin J. Lund* and *Henry Gulliksen*, for respondent Renkslev.

*Roberts, Battle, Hulbert & Tennant* and *George L. Spirk*, for respondent Scandinavian-American Bank.

[1]Reported in 118 Pac. 648.

CHADWICK, J.—On June 13, 1910, respondent Renkslev and the appellants had some negotiations with reference to the sale of twenty shares of United Wireless telegraph stock. The stock owned or controlled by appellants was in a single certificate calling for a greater number of shares. The segregation could only be made and new certificates issued at an eastern office of the Wireless Company. It was agreed that Renkslev would provide for the payment of the purchase price at the Scandinavian-American Bank where he had a general deposit. He accordingly executed the following memorandum:

"Scandinavian-American Bank,
    "City.    Gentlemen:    I herewith hand you $400 which please pay to Herrin & Rhodes on delivery to you by them, twenty shares United Wireless Telegraph Company preferred stock in two certificates of ten shares each, made out in the name of Lars J. Renkslev.    The certificates are to be delivered within thirty days from this date.    Yours truly,
                            "Lars J. Renkslev."

A day or two thereafter he served notice on the bank that he had decided that he would not take the stock, and directed it to refuse to pay for it in case delivery was tendered. On June 28, appellants tendered to the bank at its place of business two certificates of ten shares each, and demanded the money. Delivery was refused, and this action was brought to recover the amount agreed to be paid therefor.

Much of appellants' brief is take up with a discussion going to the form and sufficiency of the pleadings, but from our view of the merits of the case, it is unnecessary to consider these contentions. Nor is it necessary to discuss the statute of frauds, upon which respondent Renkslev relies in part to defeat a recovery. The case can be reduced to one of the first principles of the law; that is, that an executory contract of sale, not under seal and lacking in mutuality, is subject to revocation by the vendee at any time before performance on the part of the vendor. The memorandum relied on in no way bound appellants to deliver the stock at any price, and they might, had the market fluctuated, or for any reason, or for no

reason, have refused to deliver the stock, and Renkslev would have been without remedy. The corollary of this proposition follows: that Renkslev could, at any time before delivery, revoke his agreement to take the stock. This is primer law, and needs no citation of authority. In this case the agreement to buy was revoked, and Renkslev's agent was directed to refuse to take the stock, before appellants tendered performance, and they are without remedy.

"The writing does not show any past or present consideration, nor contain any promise on the part of plaintiff, and of itself was not a complete contract. It was in the nature of a request to do the thing specified, or, like an order for goods, at a specified price, not binding, was revocable until acted on by the party to whom addressed, but which becomes binding, and a valid contract, when such party, the request or order not having been recalled, complies with it." *Andreas v. Holcombe*, 22 Minn. 339.

The memorandum was no more than a continuing offer to take the stock, and subject to revocation at any time. 21 Am. & Eng. Ency. Law (2d ed.), 928. This question seems not to have been directly passed upon by this court, although the rule is assumed in *Victor Safe & Lock Co. v. O'Neil*, 48 Wash. 176, 93 Pac. 214. Neither can appellants recover from the bank. It had no contract relation with appellants, and was no more than a depositary or an agent of respondent Renkslev. So that, unless a recovery would lie against him, no action could be maintained against the bank, either upon the theory of escrow, or that the order operated as a transfer of the money to the appellants.

Judgment affirmed.

DUNBAR, C. J., MORRIS, ELLIS, and CROW, JJ., concur.