[No. 15457.  Department Two.  January 27, 1920.]

MOWBRAY PEARSON COMPANY, *Respondent*, v.
E. H. STANTON COMPANY, *Appellant*.[1]

CONTRACTS (4, 25)—MUTUALITY—CONSIDERATION—MUTUAL PROM-
ISES. An agreement promising to sell ice at a certain price for one year to a certain dealer and to no other in consideration of such dealer's soliciting and delivering ice in a certain district, is entirely unilateral and unenforceable for lack of mutuality or consideration; since the dealer made no promise to solicit, deliver or buy the ice, and assumed no obligation.

CONTRACTS (6)—OFFER AND ACCEPTANCE—CONSTRUCTION. In such a case, indorsing the word "accepted" upon the contract does not constitute a promise on the part of the dealer to solicit, deliver or buy the ice.

CONTRACTS (24)—CONSIDERATION—MUTUAL PROMISES—INDEPEND-
ENT CONSIDERATION. The carrying out of a unilateral contract to sell ice for one year to a certain dealer and no other, is not an independent consideration for an agreement extending the contract for the next year; since it could be withdrawn at any time.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered March 25, 1919, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Reversed.

[1]Reported in 187 Pac. 370; 190 Pac. 330.

*Stephens & Jack,* for appellant.

*Lee & Kimball* and *Ed B. Powell,* for respondent.

FULLERTON, J.—On March 31, 1916, the appellant, E. H. Stanton Company, executed and delivered to the Mowbray Pearson Company the following offer in writing:

"In consideration of Mowbray Pearson Company soliciting and delivering ice in Spokane north of the Spokane river to Olive street bridge and north of N. P. R. R. east of Olive street bridge and south of Cora avenue west of Division street, and Dalton avenue, east of Division street, E. H. Stanton Co. agrees to sell pure merchantable ice to Mowbray Pearson Company for $1.50 per ton at their plant for their requirements during 1916, and further agrees not to sell any other dealer for distribution in that district."

The parties acted under the terms of the offer for the year 1916, and at the end of that year the time thereof was extended to the end of the year 1917, by a writing indorsed thereon signed by both of the parties. When the respondent called upon the appellant to perform at the opening of the ice season in the second year, it refused, announcing that they would not comply with the terms of the writing, and refused repeated subsequent demands for ice, no ice at all being furnished during the extended period pursuant to its terms. The respondent thereupon brought this action to recover in damages as for a breach of contract, and recovered, on a trial had before a jury, in the sum of $2,321.29. The appellant suggested the invalidity of writing as an obligatory contract by a demurrer to the complaint, by its answer thereto after its demurrer had been overruled, by a motion for nonsuit made at the trial at the conclusion of the respondent's evidence, and by a motion for judgment notwithstanding the verdict. Its first contention in this court is that

the writing is void as a contract for want of mutuality.

It is elementary, of course, that a promise for a promise is a sufficient consideration to support an executory contract, and it is elementary, also, that a unilateral contract is supported by an independent consideration. But there is little or no disagreement among the cases that to sustain a contract on the principle of mutual promises, the promises sufficient to support such a contract must be mutual and concurrent, and obligatory upon each of the promisors; that a promise by one party to another to do a certain thing in case that other does some other thing, leaving it optional with the other whether he does the thing or not, is not an obligatory contract. This because it lacks mutuality; there being no promise for a promise. Cases from this court illustrating the principles are the following: *Brown v. Brew,* 99 Wash. 560, 169 Pac. 992; *Taylor v. Ewing,* 74 Wash. 214, 132 Pac. 1009; *Herrin v. Scandinavian-American Bank,* 65 Wash. 569, 118 Pac. 648; *Spokane Canal Co. v. Coffman,* 61 Wash. 357, 112 Pac. 383; *Parks v. Elmore,* 59 Wash. 584, 110 Pac. 381.

Nor will courts ordinarily inquire into the adequacy of the consideration. *Nelson v. Brasington,* 64 Wash. 180, 116 Pac. 629, Ann. Cas. 1913A 289. But a consideration in some form is essential; there must be either a benefit to the party promising or a loss or detriment to the party to whom the promise is made. *Jennings v. Dexter Horton & Co.,* 43 Wash. 301, 86 Pac. 576; 13 C. J. 311.

Turning to the writing under consideration, we can find in it no obligation assumed by the respondent. By its terms the appellant promised, in consideration of the respondent's soliciting and delivering ice within a certain described district, it would sell the respondent sufficient ice at a named price to supply the district,

but the respondent promised nothing. It neither promised to solicit and deliver ice in the district, nor promised, in case it did do so, to buy the ice it should sell from the appellant. The writing itself is therefore wholly unilateral. The promise is entirely upon the one side without any corresponding promise on the other.

Nor did the writing of the word "accepted" upon the contract alter its effect in this respect. This was merely agreeing to the terms of the writing. It did not constitute a promise on the part of the respondent to solicit and deliver ice in the district defined, nor did it constitute a promise to buy of the appellant the ice it might sell in the case it did solicit sales therein. A case in point is *Thayer v. Burchard*, 99 Mass. 508. There the defendants, who were operating a railroad for the benefit of bondholders, wrote to the plaintiffs, who were flour and grain dealers, that they would transport flour and grain between certain named places at $4 per ton, "this rate to continue in force until close of navigation, unless notice to the contrary." The plaintiffs answered, "We accept the proposition." This was held to constitute a mere offer on the part of the plaintiffs and not an obligatory contract, because the plaintiffs did not assume any obligation to furnish flour or grain for transportation, being at liberty to buy flour and grain or not, as they chose, and if they did buy any, to transport it on a road other than the defendants' if they saw fit, and hence would not support an action as for a breach of contract.

The respondent argues that there was an independent consideration for the promise, but nothing further is shown that the parties carried it out during the first year. This does not constitute an independent consideration. Being a promise on its part only, the appel-

lant was at liberty to withdraw it at any time, and since it did do so at the beginning of the second season, the respondent no longer had any rights thereunder and cannot recover as for its breach.

The trial judge should have sustained some one of the several challenges made to the sufficiency of the writing as an obligatory contract. The judgment is therefore reversed, and the cause remanded with instruction to enter a judgment in favor of the appellant to the effect that the respondent take nothing by its action.

HOLCOMB, C. J., BRIDGES, and MOUNT, JJ., concur.

## ON REHEARING.

[No. 15457.  *En Banc.*  June 7, 1920.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adhere to the opinion heretofore filed herein, and for the reasons therein stated, the judgment is reversed and the cause remanded with instruction to enter a judgment in favor of appellant to the effect that respondent take nothing by its action.