[No. 18074.   Department Two.   December 21, 1923.]

I. J. LASSWELL, *Respondent*, v. U. S. ANDERSON, *Appellant*.[1]

CONTRACTS (4, 24)—MUTUALITY—CONSIDERATION—EXECUTED CONTRACTS. A contract whereby defendant agreed to purchase all cedar poles delivered by plaintiff at a certain place, being in the nature of a continuing offer, is fully executed and enforceable as to poles delivered; hence it is not void for want of mutuality.

Appeal from a judgment of the superior court for Pend Oreille county, Carey, J., entered February 24, 1923, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Danson, Williams & Danson* (*R. E. Lowe*, of counsel), for appellant.

*L. B. Donley* and *H. H. McCulloch*, for respondent.

PEMBERTON, J.—This is an action upon a written contract for the sale of certain cedar poles. On February 5, 1921, appellant, as party of the first part, and respondent, as party of the second part, entered into a written contract whereby appellant agreed to purchase "all poles that party of the second part may deliver to the railroad loading spur at Colville, Washington, during the year 1921, but not to exceed five thousand poles in all unless a greater number is mutually agreed upon." Certain poles were delivered by respondent during the year. Upon the refusal of appellant to accept the same, respondent sold the poles in the open market and recovered judgment for the difference between the price received and the contract price, from which judgment this appeal is taken.

It is the contention of appellant "that where one party makes a promise, while the performance by the

[1] Reported in 221 Pac. 300.

other party is left wholly at his will and under his control, there is no contract, for there is no binding promise which may act as a consideration.'' In support of this contention, appellant relies upon the statement of this court that:

". . . there is little or no disagreement among the cases that to sustain a contract on the principle of mutual promises, the promises sufficient to support such a contract must be mutual and concurrent, and obligatory upon each of the promisors; that a promise by one party to another to do a certain thing in case that other does some other thing, leaving it optional with the other whether he does the thing or not, is not an obligatory contract.'' *Mowbray-Pearson Co. v. Stanton Co.,* 109 Wash. 601, 187 Pac. 370, 190 Pac. 330.

See, also, *Spokane Canal Co. v. Coffman,* 61 Wash. 357, 112 Pac. 383; *Brown v. Brew,* 99 Wash. 560, 169 Pac. 992.

These cases relied upon by appellant were to enforce unexecuted unilateral contracts. We have held that such a contract is ''no more than a continuing offer, and subject to revocation at any time.'' *Herrin v. Scandinavian-American Bank,* 65 Wash. 569, 118 Pac. 648. Under the court's findings, there was no revocation on the part of appellant. The contract being in the nature of a continuing offer and having been accepted and executed on the part of respondent, it becomes an enforceable contract, and ''it is elementary that contracts that are unenforceable become enforceable in so far as they become executed contracts.'' *Hamilton v. Best Gas Traction Co.,* 123 Wash. 488, 212 Pac. 1077; *Taylor v. Ewing,* 74 Wash. 214, 132 Pac. 1009; 6 R. C. L. 690; 13 C. J. 334.

''Accordingly, where one makes a promise conditioned upon the doing of an act by another, and the latter does the act, the contract is not void for want of mutuality, and the promisor is liable though the prom-

isee did not at the time of the promise engage to do the act; for upon the performance of the condition by the promisee, the contract becomes clothed with a valid consideration, which relates back and renders the promise obligatory.'' 6 R. C. L., p. 687.

''A consideration becomes executed in case the promisee does or forbears to do some lawful act which concludes his part of the contract and renders the proposal of the promisor binding upon such promisor.'' Elliott on Contracts, vol. 1, § 205.

The judgment is affirmed.

MAIN, C. J., MITCHELL, FULLERTON, and BRIDGES, JJ., concur.