[No. 18384. Department One. April 23, 1924.]

## FRED B. BATES et al., Respondents, v. NORTHERN BOND & MORTGAGE COMPANY, Appellant.[1]

EVIDENCE (173)—INSURANCE (30)—ORAL AGREEMENT TO INSURE— MODIFICATION OF CONTRACT—PAROL EVIDENCE TO VARY WRITING. A clause in a mortgage that the mortgagor keep the property insured is not contradicted by evidence of an oral agreement that the mortgagee, who was an insurance agent, agreed to renew the policy of insurance on the place and send the mortgagor the bill which the mortgagor agreed to pay, and that the mortgagee failed to renew the policy; since the mortgagee occupied a dual position and as an insurance agent could make the parol agreement to keep up the insurance in that manner, and would be liable for the damages from its breach.

Appeal from a judgment of the superior court for King county, Frater, J., entered April 7, 1923, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on contract. Affirmed.

*Shorett, McLaren & Shorett* and *Edward R. Taylor,* for appellant.

*Max Hardman,* for respondents.

TOLMAN, J.—Respondents, as plaintiffs, complain that on April 28, 1921, they mortgaged certain real property to the defendant, and pursuant to the terms

[1]Reported in 225 Pac. 52.

of the mortgage, delivered to the mortgagee an existing fire insurance policy for $650 on the improvements situated on the mortgaged property, which policy, by its terms, expired on November 13, 1921; that, at the time of the transaction, the defendant agreed to renew the policy upon expiration, and to send plaintiffs a bill for the premium, which they in turn agreed to pay. It is further alleged that the defendant wholly failed to renew the policy, that the premises were totally destroyed by fire on May 2, 1922, and the prayer is for judgment for $650, less $10.72, the amount of the renewal premium.

The trial was to a jury, which returned a verdict for the full amount claimed, and from a judgment thereon, the defendant has appealed.

The first contention argued is that the evidence failed to establish any contract for the renewal of the insurance, and that there was a lack of mutuality, which brings the case within the rule announced in *Herrin v. Scandinavian-American Bank*, 65 Wash. 569, 118 Pac. 648; *Brown v. Brew*, 99 Wash. 560, 169 Pac. 992; and *Mowbray-Pearson Co. v. Stanton Co.*, 109 Wash. 601, 187 Pac. 370, 190 Pac. 330. Whether the parties did so contract was, however, a question for the jury, which was properly submitted, and there is sufficient evidence shown in the record to uphold the verdict.

It is next contended that, since the mortgage provides that it is the duty of the mortgagor to keep the property insured, the parol agreement, if any, was merged in the written contract. This argument seems to assume that the parol agreement was made at or before the time of the execution of the mortgage, or that the terms of the mortgage could not be modified by parol agreement subsequent to its execution. The record is not very clear on this subject. A conversa-

tion was testified to as having occurred at the time the papers were executed, and there was further testimony that the policy was delivered later to the mortgagee, but however that may be, it is apparent that the insurance provision of the mortgage was for the benefit of the mortgagee, and no reason appears why it might not waive it in whole or in part. This question seems to be governed by the case of *Sheller v. Seattle Title Trust Co.,* 120 Wash. 140, 206 Pac. 842, where the identical question was determined and it was there said:

"The trial court, in our opinion, erred in its view of the law of the case as to the effect to be given the clause of the mortgage requiring insurance to be maintained upon the buildings. The agreement sued upon by appellant was not in derogation of the written provision in the mortgage. That agreement merely made the mortgagor responsible for the procuring of insurance, but did not undertake to specify who was to be his agent for the actual writing of the insurance. The confusion arises from the fact that respondent occupies a dual relation. From its position as mortgagee it had a right to require this insurance to be written, but in its position as an insurance agent it could make a valid agreement by which it was to attend to the keeping up of the insurance according to the practice often followed by insurance agents, and if it violated this agreement it is liable in damages. *Rezac v. Zima,* 96 Kan. 752, 153 Pac. 500, Ann. Cas. 1918B 1035, and note p. 1038 citing many cases."

Nor can we see, under this line of reasoning, why any distinction should be made, because here the insured was the original mortgagor, and there the insured was a subsequent purchaser subject to, but not assuming, the mortgage. The appellant occupied a dual position in this case as in that, and it is liable not as a mortgagee, but as an insurance broker or agent.

Several errors are claimed in the admission of evidence and in the instructions to the jury, but after

careful consideration we are convinced that no prejudicial error occurred, and that no good purpose would be served by setting forth and discussing these matters in detail.

The judgment appealed from is affirmed.

MAIN, C. J., HOLCOMB, PEMBERTON, and MACKINTOSH, JJ., concur.