PER CURIAM.
Plaintiff appeals a judgment for the defendant entered pursuant to defendant’s motion for directed verdict in an action seeking to recover commissions pursuant to an oral employment contract.
Plaintiff, Jerry Dworkin, alleges that when defendant, Alamo Auto Leasing, Inc., hired him as general manager, they orally agreed to pay him a base salary of $1,200 per month plus a commission of 25% of the monthly profits on the sale of automobiles up to $6,000, 15% of the monthly profits over $6,000 and a $60 commission on each vehicle leased. On January 28, 1974 Dworkin began working. He received his base salary and a few commissions, but a dispute arose when he was not paid in accordance with the oral agreement. In April defendant allegedly presented Dwor-kin with a written contract for the same base salary, but for a commission of 50% of the monthly profits over $6,000, $10 for each car sold and $50 for each car leased for two years. Dworkin would not sign the contract and in May terminated his *78 employment. He then brought suit to recover pursuant to the oral agreement, $25,000 in commissions allegedly due for the months of February, March and April. The cause proceeded to a non-jury trial and at the close of Dworkin’s case, defendant moved for a directed verdict. The trial judge granted the motion on the grounds that the oral agreement was barred by the Statute of Frauds [§ 725.01, Fla.Stat., F.S.A.], and the evidence was totally insufficient to support his claim. We affirm.
Dworkin, in effect, admitted in his deposition that he was entering into- an oral agreement for a period in excess of one year. Therefore, his claim under the oral employment contract is barred by § 725.01, Fla.Stat., F.S.A. See Yates v. Ball, 132 Fla. 132, 181 So, 341 (1938). Further, Dworkin’s basis for recovery is on a quantum meruit theory, and the record supports the trial judge’s finding that he failed to present sufficient evidence to support his claim.
Affirmed.