Judgment for the plaintiff in a breach of contract case and defendant appeals.
Prior to August 1981 Joseph Hornady listed his commercial building for sale with Plaza Realty Company, Inc. Efforts to sell the building were unsuccessful; however, in August 1981, Plaza was contacted by Motion Industries about the possibility of leasing the building. Hornady consented to lease the building for a five year period with a rental of $950 per month. Should these terms be accepted by Motion Industries, Plaza would then collect the rental each month, deduct its ten percent commission, remit the balance to Hornady, stay in touch with the tenant, and take care of any problems it may have relating to the property. No writing of the alleged agreement between Hornady and Plaza was made and Hornady denied the existence of any such agreement.
Hornady and Motion Industries subsequently entered into a five year lease arrangement with a rental of $1,000 per month. Plaza received no commission on this lease arrangement and it sued Hornady for breach of contract and Motion Industries for conspiracy, i.e. Motion Industries had conspired with Hornady to deprive Plaza of its commission by dealing directly with Hornady in leasing his building. Later, Motion Industries was dismissed as a party defendant.
Prior to a hearing on the merits of the complaint filed by Plaza, Hornady answered by denying the allegations of the complaint and asserted, as an affirmative defense, the Statute of Frauds. The court, sitting without a jury, heard the case on its merits and rendered a judgment for Plaza in the amount of $1,900. Hornady appeals.
In brief Hornady argues that the Statute of Frauds applied to the sued-upon agreement and that it was thus unenforceable. He contends that an oral agreement which provides for performance over a term of five years is within the Statute of Frauds and is void and unenforceable unless in writing. Section 8-9-2 (1), Code 1975, provides: "Every agreement which, by its terms, is not to be performed within one year from the making thereof" is void unless it is evidenced by some writing. However, *Page 593 
in order to bring a contract within the purview of this section of the Statute of Frauds, the contract must be incapable of being performed within one year. Land v. Cooper, 250 Ala. 271,34 So.2d 313 (1948).
Hornady strongly contends that the agreement could not be performed within one year because Plaza's obligations under the contract extended over the entire five year period of the proposed lease.
In support of his contention, Hornady cites us to similar decisions from other jurisdictions which have held that the oral agreements involved were within the Statute of Frauds and therefore unenforceable: for example, Spokane Canal Co. v.Coffman, 61 Wn. 357, 112 P. 383 (1910), concerning an oral agreement to cultivate fruit trees for a five year period;Hanrihan v. Parker, 19 Misc.2d 467, 192 N.Y.S.2d 2 (1959), dealing with an oral agreement to pay commissions on sales over a period of five years; Dworkin v. Alamo Auto Leasing, Inc.,334 So.2d 77 (Fla.Dist.Ct.App. 1976), concerning an oral agreement to pay an employee commissions on sales for a period of more than one year, and others.
In reply Plaza says that the oral agreement is enforceable because the main purpose of it was to obtain a lessee for Hornady's building and once that had been accomplished the oral agreement became executed and without the purview of the Statute of Frauds.
The rule in Alabama is that the Statute of Frauds applies only to executory contracts, not to executed contracts. Landrum Co. v. Wright, 11 Ala. App. 406, 66 So. 892 (Ala.Ct.App. 1914); Scott v. Southern Coach Body Co., 280 Ala. 670,197 So.2d 775 (1967).
Plaza asserts that its contract with Hornady was executed when it obtained a lease for Hornady's building at a satisfactory rental. The other aspects of that agreement, so it contends, were incidental to the primary purpose and therefore did not prevent the agreement from being executed.
Hornady disputes this contention by arguing that the obligations to collect the rent, remit Hornady's portion to him, stay in touch with the tenant and solve any problems that it might have, extended over the term of the lease and were just as important to him as the obligation to obtain a tenant. The obligations for performance which extend over the entire five year term of the lease make the agreement executory and subject to the Statute of Frauds.
In support of this argument, we note that an entire contract cannot be within the Statute of Frauds as a part, and without it as to the remainder. Bunch v. Gardner, 208 Ala. 271,94 So. 114 (1922). Where the parts of the contract are so interwoven that the parties cannot reasonably be considered to have contracted with other than full performance of the entire agreement in mind, the agreement comes within the Statute of Frauds and is unenforceable. Bunch v. Gardner, supra.
In the case at bar, the evidence supports the conclusion that Plaza's commission depended not only on obtaining a tenant for a certain term and rental but also on the collection of that rental and servicing the lease over its entire term. It is not unreasonable to conclude from this evidence that the parties intended full performance of the entire agreement. That being so, the agreement is incapable of being performed in one year and, not being in writing, is unenforceable.
The judgment of the trial court is reversed and the cause is remanded for entry of judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur. *Page 594