L. CHARLES WRIGHT, Retired Appellate Judge.
M & M Flying Service, Inc. (M & M) appeals from the granting of summary judgment in favor of the Andalusia-Opp Airport Authority (the Authority).
The facts material to this appeal and dispositive of this case are undisputed. The authority and M & M entered into a “management contract” for a term of five years to begin on January 1, 1983 and to end on December 31,1987. M & M’s managerial duties and the conduct of their commercial activities (commonly referred to in the industry as fixed base operations) were covered by the terms of the contract. At the expiration of the five years, the Authority chose not to renew the “management contract” with M & M. The authority was under new management effective January 1, 1988. The new management attempted to negotiate with M & M a renewal of the provisions in the “management contract” regarding their commercial activities. M & M refused to sign a new contract and insisted that it had contracted orally with the Authority in 1983 to continue its commercial activities at the airport for a period of ten years. When negotiations on the new contract failed, the Authority asked M & M to stop all operations. M & M refused.
The Authority filed an action for declaratory judgment and injunctive relief against M & M, asking the trial court to determine the respective rights of the parties concerning the commercial activities of M & M on the Authority’s premises. The trial court granted a temporary injunction restraining M & M from conducting any commercial activities at the airport. M & M counterclaimed, asserting breach of contract and fraud. Prior to a hearing on the merits, the Authority moved for summary judgment, which was granted in their favor. A permanent injunction was issued restraining M & M from conducting commercial operations at the airport. M & M appeals.
*557 I.
M & M asserts that the grant of summary judgment was in error because a genuine issue of material fact existed as to whether the “management contract” was M & M’s sole source of authority to conduct commercial activities at the airport. M & M insists that in 1983, contemporaneously with the signing of a ten-year lease for hangar space, an oral agreement was reached in which the parties agreed that M & M would continue to provide commercial activities at the airport for the life of the ten-year lease. The Authority presented evidence refuting the existence of the oral contract. M & M argues that the existence of this dispute makes the grant of summary judgment improper.
We find it unnecessary to discuss the facts surrounding this dispute, as it is in no way dispositive of this issue or material to this appeal. Even if we were to find that the parties entered into an oral agreement in 1983 which extended M & M’s commercial activities to 1993, it would be of no avail to M & M because an oral agreement which is to be performed over a period of ten years is within the Statute of Frauds and is unenforceable and void unless it is in writing. Hornaday v.. Plaza Realty, 437 So.2d 591 (Ala.Civ.App.1983). Section 8-9-2(l), Code 1975, provides that “[ejvery agreement which, by its terms, is not to be performed within one year from the making thereof,” is void unless it is evidenced by some writing. The oral agreement here is within the Statute of Frauds and accordingly void.
M & M asserts that the application of the Statute of Frauds should be “estopped ... for both parties performed on the agreement for a period of five years.” As the summary of facts indicates, M & M and the Authority entered into the “management contract” for a five-year term. That contract provided the terms for M & M’s managerial and commercial activities. M & M’s commercial activities for the five-year period in question were pursuant to a valid, written contract. M & M’s argument is without merit.
Accordingly, we find that there was no genuine issue of material fact presented to the trial court, and summary judgment was due to be granted as a matter of law. Whitehead v. Johnston, 467 So.2d 240 (Ala.1985).
II.
M & M argues that the trial court erred in granting summary judgment in favor of the Authority on M & M’s counterclaim. M & M’s counterclaim, alleging breach of contract and fraud, is based on the alleged oral agreement which we have found to be void and unenforceable. We find the action of the trial court in granting summary judgment in favor of the Authority on the counterclaim to be proper.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.